Jill L. Ryther   SBN 266016
Jessica L. Cohen   SBN 274256
LAW OFFICES OF JILL L. RYTHER
6911 Topanga Canyon Blvd., Suite #300
Canoga Park, CA 91303
Ph: 818-347-4127 Fx: 818-347-4128

*Attorneys for Plaintiff,*
PETER YOUNG

FILED
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
11 MAR -8 PM 3: 09
BY: ___

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

| | |
|---|---|
| PETER YOUNG, an individual. <br><br> Plaintiff, <br><br> vs. <br><br> Hanna Israel, an individual; Faith Gundran, an individual; Laura Lungarelli, an individual; Adam Weissman, an individual; and DOES 1-10, Inclusive. <br><br> Defendants. | Case No. **CV11   01985   DMG (SHx)** <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. Defamation <br> 2. False Light <br> 3. Intentional Infliction Of Emotional Distress <br><br> **[Unlimited Case Over 25,000.00]** |

Plaintiff herein brings this suit for the improper and unlawful defamation campaign launched against him by Defendants.

## I. INTRODUCTION

1

**COMPLAINT FOR DAMAGES**

As the California Constitution states, "Every person may freely speak, write and publish his or her sentiments on all subjects, *being responsible for the abuse of this right*." (Cal. Const., art. I., § 2, subd. (a), emphasis added.)

Defendants, a small group of individuals, have engaged in a relentless campaign which seeks to ruin the reputation of Peter Young, a well-known leader within the animal rights community and movement. They have capitalized on the anonymity of the internet to disseminate false and vitriolic messages about Mr. Young. They have also used more traditional modes of communication to spread their false messages of hate, including word of mouth, letters, and fliers. Although the information spewing from these sources is false, Mr. Young has suffered substantial and likely irreparable damage to his reputation. Defendants must take responsibility for their abuse of the right to free speech.

It is when free speech morphs into defamation that we turn to the courts for help. Mr. Young wants his life back; he wants to save his reputation in the court of public opinion.

## II. JURISDICTION AND VENUE

1. Jurisdiction of this court arises pursuant to Article III Section 2 of the United States Constitution, as well as 28 U.S.C. Section 1332 (a) (1) which states that "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

2. Venue is proper pursuant to 28 U.S.C. Section 1391 (a) (3) which states that "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . a judicial

2

**COMPLAINT FOR DAMAGES**

district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

3. Two of the Defendants in this case are residents of California and are therefore subject to Personal Jurisdiction in California.

4. This Court has personal jurisdiction over the other two out of state defendants based on their interactive website that residents of the state of California can and do access. See Pavlovich v. Superior Court, (2002) 29 Cal. 4th 262.

5. The amount in controversy exceeds 75,000 dollars.

## III. PARTIES

6. Plaintiff PETER YOUNG (hereinafter referred to as "YOUNG" or "Plaintiff," is now and at all times herein mentioned, a natural person residing in Salt Lake City, Utah.

7. Defendant Israel and Defendant Lungarelli are both natural persons residing in Los Angeles, CA. Defendant Gundran is a natural person residing in Seattle, Washington. Defendant Weisman is a natural person residing in New York City, New York. Plaintiff is informed and believes and on that basis alleges that all Defendants are regular contributors to the websites, http://activistabuse.wordpress.com. and http://challengeoppression.com.

8. Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1-50, inclusive, and therefore sues those Defendants by such fictitious names pursuant to Civil Code § 474. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is legally responsible or negligent in some manner for the occurrences, acts, and omissions herein alleged, and that Plaintiff's injuries and damages as herein alleged were directly and legally caused by

3

**COMPLAINT FOR DAMAGES**

that negligence, willful, or intentional conduct. Plaintiff is informed and believes and on that basis alleges that all DOE Defendants are either residents of the State of California or are subject to jurisdiction in California. Each reference in this complaint to Defendant, Defendants, or a specifically named Defendant, refers also to all Defendants sued under fictitious names.

## IV. STATEMENT OF FACTS RELEVANT TO ALL CAUSES OF ACTION

9.      This case is about the relentless defamation campaign launched against Plaintiff in an attempt to damage his reputation so severely that he can no longer serve as a mentor and role model in the animal rights community, a community he has dedicated his life to serving.

10.     Defendants attempted to remove Plaintiff from numerous animal rights conferences by soiling his reputation:

      a.      In June 2010 at the Let Live Conference, Defendants emailed conference organizers, told them that Plaintiff was an abuser and rapist, and asked them to remove him as a speaker.

      b.      In June 2010, Defendants emailed the Portland Animal Defense League and told them that Plaintiff should not be a media spokesperson for the League's weekend demonstration.

      c.      In June 2010 at the Skin Trade premier, two individuals physically assaulted Plaintiff having heard from Defendants that Plaintiff was a sexual abuser.

      d.      In June 2010 at the Bold Native premier, Defendants contacted filmmakers and requested that they discontinue their working relationship with Plaintiff.

4

**COMPLAINT FOR DAMAGES**

e.      At the Seattle Bold Native screening, organizers un-invited Plaintiff as a speaker after Defendants contacted them.

f.      In July 2010 at the Animal Rights conference, Defendants demanded that organizers prohibit Plaintiff from speaking and threatened to boycott the conference if Plaintiff were allowed to speak. Defendants articulated these demands through an "Accountability Now" list serve, which they devised after the Animal Rights conference to defame Plaintiff.

g.      In August 2010 at the Baltimore Animal Rights conference, Defendants contacted organizers to inquire if Plaintiff was speaking and to request that he not be invited.

h.      At the July 2010 Animal Rights Conference, Defendant disseminated a flier accusing Plaintiff of being a sexual abuser and passed it out to hundreds of conference attendees.

i.      In December 2010 at the Philadelphia Bold Native screening, Defendants contacted organizers, told them that the film featured a cameo by a rapist, and told them to cancel the screening.

j.      In January 2011 at the Chicago Bold Native screening, Defendants contacted organizers and instructed them to cancel Plaintiff's invitation to speak at the screening.

11.      Defendants posted a flier asserting that Plaintiff was a sexual abuser at numerous locations online, including on Plaintiff's Wikipedia website, http://en.wikipedia.org/wiki/Peter_Daniel_Young, at Scribd.com, at veganthis.org, and on

5

**COMPLAINT FOR DAMAGES**

YouTubeat http://www.youtube.com/watch?v=fRbA4tutQ2Y, and

http://youtube.com/watch?v=U2kP1-C_GZc.

12.      In early August 2010, Defendants blogged negatively about Plaintiff at

http://challengeoppression.com/2010/08/10/power-dynamics-abuse-and-violence-inside-

relationships-and-inside-our-movements/.  The blogs contained statements about Plaintiff being

a "master manipulator" and alerting the public that a "well-known activist was there (at the

Animal Rights Conference) amid allegations of assault and abuse against a young woman."

13.      On December 16, 2010, Defendants posted two damaging YouTube videos about

Plaintiff.  The videos contain a still image of the afore-mentioned flier with accompanying text

stating that "multiple people" have accused Plaintiff of sexual abuse.

14.      In early January, 2011, Defendants created a site dedicated to defaming Plaintiff

at http://activistabuse.wordpress.com and posted numerous communications about him.  Some

of the comments included the following:

        a.        "Young is a serial abuser of Womyn.  He emotionally abuses and

                physically abuses them."

        b.        "He despicably uses his position to abuse Womyn."

        c.        "There are reports from multiple people that animal rights activist Peter

                Young engaged in coercion, manipulation, and emotional abuse of women."

        d.        "Peter has admitted to abusive behavior."

        e.      "Young needs to address the numerous incidents of abuse he has inflicted on

                Womyn."

15.      Defendants have made numerous damaging statements about Plaintiff to hundreds

of individuals in the animal rights community, including leaders, conference attendees,

6

**COMPLAINT FOR DAMAGES**

conference organizers and the magazine editor of Bite Back. Defendants also made statements to Plaintiff's personal contacts, including women whom he has dated. Defendants made these statements in person, over the phone, over email, via list serve, blogs, web postings, videos, and a flier.

16.     Defendants made, among others, the following statements about Plaintiff:

  a.   He is a rapist;

  b.   He is a predator;

  c.   He is physically abusive;

  d.   He is sexually abusive; and

  e.   He is generally dangerous to women. Defendants claimed to know of several women whom Plaintiff has assaulted.

17.     One Defendant claimed that Plaintiff:

  a.   Refused to take her to the hospital and she almost died;

  b.   Forced her to walk several miles when she was sick;

  c.   Starved her;

  d.   Raped her; and

  e.   Abused her

18.     Defendants threatened to release a damaging statement on the internet and ostracize Plaintiff from the animal rights community if Plaintiff did not comply with an "accountability process." This process would require that Plaintiff carry a pass to all activist-related events. The pass would state that the Accountability Now group (mentioned above) approved Plaintiff's re-admission into the animal rights movement and would detail a list of

7

**COMPLAINT FOR DAMAGES**

behaviors to which Plaintiff would confess.  Defendants explained this accountability process at http://fruitiondesign.com/dealwithit/02wispy.php.

## V. FIRST CAUSE OF ACTION

## DEFAMATION – LIBEL and SLANDER *PER SE*

### (Against All Defendants)

19.     The allegations of paragraphs 1-16 are incorporated by reference as though fully set forth herein.

20.     The Defendants' phone calls to numerous conference organizers making claims about Plaintiff, purport to be factual.

21.     The Defendants' list serve, Accountability Now, as a whole and specific statements of fact published therein, purport to be factual.

22.     The flier passed out at an Animal Rights conference, and posted at numerous locations online, purports to be factual.

23.     The two YouTube videos, and two websites, challengeoppression.com and activistabuse.wordpress.com, purport to be factual.

24.     Defendants' statements from all of these sources were intentionally communicated to third parties in person, over the phone, over email, via list serves, blogs, web postings, and videos.

25.     Conference organizers, attendees, other activists, etc. who read, saw, or heard these statements reasonably understood them to be about Plaintiff.

26.     The above-described statements convey a defamatory meaning to their audience. They harm the reputation of Plaintiff as to lower it in the estimation of the community and deter

8

third persons from associating or dealing with Plaintiff and entice further baseless fraudulent lawsuits against Plaintiff.

27.     The above-described statements of and concerning Plaintiff, are false.

28.     It was Defendants' expectation and intent that this defamatory matter would be republished and further disseminated to the public at large as evidenced by their use of forums with broad readership/viewership such as the internet and YouTube.

29.     Defendants' publications of these false and defamatory statements of and concerning Plaintiff were not privileged.

30.     Defendants published the above-described defamatory statements with actual malice – i.e., with knowledge of their falsity, or alternatively, with a reckless disregard for their falsity.

31.     As a result of Defendants' publication of these facts and defamatory statements with actual malice, Plaintiff has suffered damages in the form of loss to reputation, lost profits, and increased costs.

32.     Defendants acted with "malice" as defined by Civil Code § 3294 and engaged in highly reprehensible and despicable conduct warranting punitive damages.

33.     Defendants accused Plaintiff of the serious, morally reprehensible crime of sexual assault and rape.  Accordingly, Plaintiff need not demonstrate special damages for purpose of slander.

## VI. SECOND CAUSE OF ACTION

### FALSE LIGHT

#### (As to All Defendants)

34.     The allegations of paragraphs 1-31 are realleged and incorporated herein, by

9

---

**COMPLAINT FOR DAMAGES**

reference.

35.     Based on the aforementioned facts, Defendants published numerous claims about Plaintiff that were false and would be highly offensive to a reasonable person, including that he is a rapist and predator, is physically and sexually abusive, generally dangerous to women, and in reference to one Defendant, that he refused to take her to the hospital, forced her to walk when she was sick, starved her, raped her, and abused her.

36.     These claims purport to be factual.

37.     These claims would be highly offensive to a reasonable person.

## VII. THIRD CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

#### (As to All Defendants)

38.     The allegations of paragraphs 1-35 are realleged and incorporated by reference herein.

39.     Based on the aforementioned facts, the conduct of Defendants was outrageous and beyond the bounds of decency such that no reasonable person could be expected to endure it. Plaintiff was and has been forced to endure great pain, anguish, shock, feelings of helplessness and desperation with Defendants' repeated attempts to stain Plaintiff's reputation and encourage others to dissociate from him.

40.     Defendants, and each of them, acted intentionally in conscious failure to cause peril to Plaintiff.

10

**COMPLAINT FOR DAMAGES**

41.     Defendants' conduct has had a severe and traumatic and lasting effect on Plaintiff's emotional tranquility.  As a proximate result of the outrageous acts of the Defendants, Plaintiff has suffered severe emotional distress and a loss of and reduction of enjoyment in life.

42.     The distress created was in time and manner sufficiently substantial such that a reasonable person of ordinary sensibilities would suffer under the circumstances.

43.     Between the time of Defendants' initial statements, Plaintiff has properly expended, in pursuit of property, exclusive of attorneys fees and costs associated with preparation for litigation of the case in an amount according to proof.

44.     As a direct and proximate result of the intentional, malicious, harmful, unlawful and offensive acts of Defendants, as aforesaid, Plaintiff has sustained severe and serious injury to his person, including but not limited to severe emotional distress, all to Plaintiff's damage in a sum within the jurisdiction of this court and to be shown according to proof.


Wherefore:

**AS TO THE FIRST CAUSE OF ACTION,** Complainant prays judgment against Defendant, for damages in excess of $75,000, in amounts according to proof:

1.     For general damages;

2.     For punitive damages;

3.     Upon a verdict or judicial finding in favor of Young on his defamation claim, for a permanent injunction enjoining Defendants from contacting animal rights-related conference organizers, running the list serve, Accountability Now, disseminating the flier, continuing to post the YouTube videos, running activistabuse.wordpress.com, posting comments related to Plaintiff

11

at challengeoppression.com, and generally issuing defamatory statements about Plaintiff to others through the phone, internet, and in person.

        4.     For interest on Plaintiff's damages to the date of judgment;

        5.     For costs of suit incurred herein;

        6.     For Attorney's fees, pursuant to 42 U.S. §1983; and

        7.     For such other relief as the Court may deem just and proper.

**AS TO THE SECOND CAUSE OF ACTION**, Complainant prays judgment against Defendant, for damages in excess of $75,000, in amounts according to proof, for:

        1.     For general damages;

        2.     For punitive damages;

        3.     Upon a verdict or judicial finding in favor of Young on his false light claim, for a permanent injunction enjoining Defendants from contacting animal rights-related conference organizers, running the list serve, Accountability Now, disseminating the flier, continuing to post the YouTube videos, running activistabuse.wordpress.com, posting comments related to Plaintiff at challengeoppression.com, and generally issuing defamatory statements about Plaintiff to others through the phone, internet, and in person.

        4.     For interest on Plaintiff's damages to the date of judgment;

        5.     For costs of suit incurred herein;

        6.     For Attorney's fees, pursuant to 42 U.S. §1983; and

        7.     For such other relief as the Court may deem just and proper.

**AS TO THE THIRD CAUSE OF ACTION**, Complainant prays judgment against Defendant for:

        1.  Special damages according to proof;

12

**COMPLAINT FOR DAMAGES**

2. Loss of enjoyment of life, in an amount according to proof;

3. General Damages, including pain and suffering and emotional distress, in an amount according to proof;

4. Exemplary damages pursuant to Civil Code §3340, according to proof;

5. Attorney Fees;

6. Interest from the date of the incident, according to proof;

7. For costs of suit herein incurred;

8. The legal rate of interest; and

9. For such other and further relief as the Court may deem just and proper.

Dated: March 8, 2011

Respectfully Submitted By,

Jill L. Ryther, Attorney for Plaintiff
PETER YOUNG

13

**COMPLAINT FOR DAMAGES**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV11- 1985 DMG (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Jill Ryther, Esq    SBN 266016
Jessica L. Cohen, Esq.  274256
Law Offices of Jill L. Ryther
6911 Topanga Canyon Blvd., Suite 300
Canoga Park, CA 91303
Ph: 818-347-4126  Fx: 818-347-4128

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

PETER YOUNG, an individual.

PLAINTIFF(S)

v.

Hanna Israel, an individual; Faith Gundran, an
individual; Laura Lungarelli, an individual; Adam
Weissman, an individual; and DOES 1-10, Inclusive.

DEFENDANT(S).

CASE NUMBER

# CV11  01985  DMG

**SUMMONS**

TO:  DEFENDANT(S): Hanna Israel, Faith Gundran, Laura Lungarelli, and Adam Weissman,

A lawsuit has been filed against you.

Within 2\30   days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer
or motion must be served on the plaintiff's attorney, Jill Ryther, Esq._____, whose address is
6911 Topanga Canyon Blvd., Suite 300, Canoga Park, CA 91303 _____. If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

Clerk, U.S. District Court

Dated: MAR - 8 ___

By: CHRISTOPHER POWERS _____
Deputy Clerk

(Seal of the Court)

1181

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed
60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) <br> PETER YOUNG | DEFENDANTS <br> HANNA ISRAEL, FAITH GUNDRAN, LAURA LUNGARELLI, ADAM WEISSMAN |
|---|---|

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> LAW OFFICES OF JILL L. RYTHER <br> 6911 TOPANGA CANYON BLVD., SUITE 300 <br> CANOGA PARK, CA, 91303  PH.: 818-347-4126 | Attorneys (If Known) |
|---|---|

## II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (Place an X in one box only.)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify):

☐ 6 Multi-District Litigation

☐ 7 Appeal to District Judge from Magistrate Judge

## V. REQUESTED IN COMPLAINT: JURY DEMAND: ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

CLASS ACTION under F.R.C.P. 23: ☐ Yes ☒ No

☒ MONEY DEMANDED IN COMPLAINT: $ OVER 75,000

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. SECTION 1332 (a) (1) for Defamation, False Light, and intentional Infliction of Emotional Distress.

## VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☒ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

FOR OFFICE USE ONLY:  Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Salt Lake City, Utah. |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | Seattle, Washington. |
| | New York City, New York. |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date  3-8-11

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                               **CIVIL COVER SHEET**                               Page 2 of 2