FILED

2011 APR 21   PM 2: 54

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

ROBERT L. ESENSTEN (Bar No. 65728)
RANDI R. GEFFNER (Bar No. 116574)
KIRK S. COMER (Bar No. 240847)
**WASSERMAN, COMDEN, CASSELMAN
& ESENSTEN, L.L.P.**
801 S. Garfield Avenue, Suite 328
Alhambra, California 91801
Telephone: (626) 308-9882
Facsimile: (626) 308-9538

Attorneys for Defendants
Hanna Israel and Laura Lungarelli

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PETER YOUNG, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>HANNA ISRAEL, an individual;<br>FAITH GUNDRAN, an individual;<br>LAURA LUNGARELLI, an individual;<br>ADAM WEISSMAN, an individual;<br>and DOES 1 - 30, Inclusive,<br><br>Defendants.<br><br>HANNA ISRAEL, an individual,<br><br>Counterclaimant,<br><br>vs.<br><br>PETER YOUNG, an individual,<br><br>Counterdefendant. | **CASE NO. CV11-01985 DMG (SHx)**<br><br>*Assigned to the Honorable Dolly M. Gee*<br><br>**COUNTERCLAIM OF HANNA ISRAEL AGAINST PETER YOUNG FOR:**<br><br>**1.   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br><br>**2.   NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; AND**<br><br>**3.   ASSAULT**<br><br>**DEMAND FOR JURY TRIAL** |

## <u>COUNTERCLAIM</u>

Counterclaimant HANNA ISRAEL, an individual ("Israel"), brings the following counterclaims against Counterdefendant PETER YOUNG, an individual ("Young"):

985423.4

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

**PARTIES**

1.     Israel is an individual residing in the County of Los Angeles, State of California.

2.     Israel is informed and believes and thereon alleges that Young is an individual residing in the State of Utah.

**JURISDICTION AND VENUE**

3.     The Court has diversity jurisdiction over all causes of action asserted herein pursuant to 28 U.S.C. §1332, as Israel and Young are citizens of different states.  The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a).

**GENERAL ALLEGATIONS**

5.     Israel met Young in or around February 2008.  Israel had just turned 18.  Young was 31.  Shortly thereafter, the two began an intimate physical relationship but did not begin dating until in or around early 2009.

6.     In or around May 2009, Young invited Israel to accompany him on a nine state road trip to shoot film footage for a documentary entitled "Skin Trade."

7.     Young advised Israel that he would handle the financial planning for the trip and arrange for food, lodging, transportation and incidental expenses.

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

1  Young advised Israel that her only financial obligation in connection with the trip
2  was to pay for a plane ticket for Israel to fly to meet Young in Seattle, Washington
3  where the trip would begin.

5     8.    On or around June 16, 2009, Israel flew to Seattle, Washington.  Once
6  on the road, Young engaged in a pattern of abusive behavior towards Israel.  Such
7  abuse was emotional, psychological, physical, financial and sexual, and was
8  accomplished through repeated threats, isolation, domineering and intimidation.

10    9.    From on or around June 16, 2009 to on or around August 29, 2009,
11  Young verbally abused Israel on an almost daily basis.  Young demeaned Israel,
12  ridiculed her, humiliated her, harassed her, disrespected her, called her names and
13  obscenities, and made personal attacks as to her character.  These verbal attacks
14  upon Israel would be yelled by Young and frequently involved Young slamming car
15  doors, hotel doors, throwing objects and slamming his fists into objects.

17    10.   From on or around June 16, 2009 to on or around August 29, 2009,
18  Young repeatedly threatened to abandon Israel.  On several occasions, Young would
19  tell Israel that he was going to leave her at a truck stop, bus station and/or train
20  station in unfamiliar towns without a means to get home.  These threats even went
21  so far as to have Young open the door of the car and attempt to force Israel out.  In
22  these situations, Israel was forced to cry and beg Young not to leave her somewhere
23  unfamiliar.

25    11.   From on or around June 16, 2009 to on or around August 29, 2009,
26  Young asserted financial control over Israel.  Young controlled the funds for the trip
27  and initially provided Israel with a budget of only $5 a day to purchase food.
28  Subsequently, Young refused to provide any further money to Israel for food.  On

985423.4
3

1   several occasions, Israel would sit in the back of the car and go hungry while Young
2   forced her to watch him eat his meals in the front seat of the car.

3

4          12.    In or around July 2009, Israel needed to take Plan "B" emergency
5   contraception due to the failure of the contraceptive used by Israel and Young.  The
6   medicine made Israel extremely ill and she experienced fever, chills, tunnel vision
7   and intense cramping and vomiting.  Israel believed she was having an abnormal
8   reaction to the medication, asked to rest and advised Young that she thought she
9   should see a doctor.  Young launched into a verbal attack of Israel, degraded her,
10  yelled at her, told her they did not have time for that and threatened to leave her at a
11  truck stop.  Young did not take her to get medical attention, refused to allow her to
12  rest and instead forced her to hike for several miles to perform the day's filming.
13  When Israel was unable to keep up with Young's pace due to her illness, he
14  physically assaulted her by violently grabbing her arm and dragging her for portions
15  of the hike.

16

17         13.    At one point during the trip, Young forced Israel to perform a sex act
18  on him against her will.  Initially, Israel consensually provided Young with oral sex
19  until she withdrew her consent.  Israel told Young that she would not continue the
20  act because she was tired and did not want to do it anymore.  Young demanded that
21  she finish the act and yelled at Israel in such as way that she feared for her safety.
22  Out of fear, Israel complied.

23

24         14.    On multiple occasions from in or around from on or around June 16,
25  2009 to on or around August 29, 2009, Israel feared she would be physically
26  assaulted by Young.  One such incident occurred during a stay in a motel in Des
27  Moines, Iowa, where Israel advised Young that she could no longer remain on the
28  trip due to his abusive behavior.  Young flew into a rage, verbally assaulted Israel

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA  91801

985423.4
COUNTERCLAIM OF HANNA ISRAEL; DEMAND FOR JURY TRIAL

1   and threw several objects around the hotel room and in her general direction.  Israel

2   was in imminent fear of begin struck by Young or the objects he was throwing.

3   Israel agreed to remain on the trip for fear of being injured by Young.

4

5       15.    Another incident occurred on or around August 15, 2009, where Young

6   demanded that Israel take money out of her bank account to help pay for the trip.

7   When Israel refused, Young flew into a rage, verbally assaulted Israel and took his

8   debit card out of his pocket and shook it violently in front of her face as if he was

9   going to strike her.  Israel was in imminent fear of begin struck by Young and

10  became incontinent.

11

12      16.    On or around August 29, 2009, the trip ended when Young suddenly

13  abandoned Israel at the Minneapolis airport without any money to return home.

14

15      17.    As a result of the actions of Young set forth herein, Israel experienced

16  severe emotional distress including without limitation, suffering, anguish, fright,

17  horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.  Israel

18  lost over 20 pounds of weight, broke out in severe rashes and her hair began falling

19  out.

20

21      18.    In or around October 2009, Israel had en emotional breakdown as a

22  result of Young's actions set forth above.  Israel was taken to the hospital in an

23  ambulance and subsequently visited a mental health center.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

# FIRST CLAIM FOR RELIEF

## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Israel against Young)

19.    Israel incorporates and realleges Paragraphs 1 through 18, inclusive, as though set forth in full hereat.

20.    As set forth above, Young engaged in a pattern of behavior towards Israel which amounted to verbal, physical, emotional, sexual and psychological abuse.

21.    Young's conduct was intentional and malicious and done for the purpose of causing Israel to suffer mental anguish, emotional and physical distress.

22.    Israel suffered severe emotional distress and Young's conduct was a substantial factor in causing Israel's severe emotional distress.

23.    As the proximate result of the acts alleged above, Israel suffered mental anguish, and emotional and physical distress, and has been injured in mind and body, including a hospital stay and a stay at a mental health facility, and suffered complications caused by the stress and anguish.

24.    As a further proximate result of the acts alleged above, Israel was required to and did employ physicians to examine, treat, and care for her, and incurred additional medical expenses for hospital bills (and other incidental medical expenses).  Israel is informed and believes and thereon alleges that she will incur additional medical expenses, the exact amount of which is unknown, including without limitation, for continued therapy and counseling.

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA  91801

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

25.   The acts of Young alleged above were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages according to proof at trial.

## SECOND CLAIM FOR RELIEF
## FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Israel against Young)

26.   Israel incorporates and realleges Paragraphs 1 through 18, inclusive, as though set forth in full hereat.

27.   Young negligently caused severe emotional distress to Israel through his conduct set forth above.

28.   Israel suffered severe emotional distress and Young's conduct was a substantial factor in causing Israel's severe emotional distress.

29.   As the proximate result of the acts alleged above, Israel suffered mental anguish, and emotional and physical distress, and has been injured in mind and body, including one hospital stay, and suffered complications caused by the stress and anguish.

30.   As a further proximate result of the acts alleged above, Israel was required to and did employ physicians to examine, treat, and care for her, and incurred additional medical expenses for hospital bills (and other incidental medical expenses).  Israel is informed and believes and thereon alleges that she will incur additional medical expenses, the exact amount of which is unknown, including without limitation, for continued therapy and counseling.

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

## THIRD CLAIM FOR RELIEF

## FOR ASSAULT

### (Israel against Young)

31.    Israel incorporates and realleges Paragraphs 1 through 18, inclusive, as though set forth in full hereat.

32.    As set forth above, in connection with the actions of Young set forth above, including without limitation those actions set forth in Paragraphs 14 and 15, Young acted intending to place Israel in apprehension of an offensive and harmful contact with her person.

33.    As a result of Young's actions, Israel was placed in great fear and apprehension of harmful and offensive contact by Young.  Under the circumstances, such fear and apprehension was reasonable.

34.    Israel did not consent to Young's conduct.

35.    As the proximate result of the acts alleged above, Israel suffered mental anguish, and emotional and physical distress, and has been injured in mind and body, including one hospital stay, and suffered complications caused by the stress and anguish.

36.    As a further proximate result of the acts alleged above, Israel was required to and did employ physicians to examine, treat, and care for her, and incurred additional medical expenses for hospital bills (and other incidental medical expenses).  Israel is informed and believes and thereon alleges that she will incur additional medical expenses, the exact amount of which is unknown, including

985423.4

8

1   without limitation, for continued therapy and counseling.

2

3     37. Young's conduct was a substantial factor in causing Israel's harm.

4

5     38. The acts of Young alleged above were willful, wanton, malicious, and

6   oppressive, and justify the awarding of exemplary and punitive damages according

7   to proof at trial.

8

9     WHEREFORE, Israel prays judgment against Young as follows:

10

11  **On the First Claim for Relief**

12

13    1. An award of general damages according to proof at trial;

14

15    2. An award of special damages according to proof;

16

17    3. An award of punitive damages in an amount sufficient to deter and

18  make an example of Young and according to proof at trial;

19

20  **On the Second Claim for Relief**

21

22    4. An award of general damages according to proof at trial;

23

24    5. An award of special damages according to proof;

25

26  **On the Third Claim for Relief**

27

28    6. An award of general damages according to proof at trial;

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

1    7.    An award of special damages according to proof;

2

3    8.    An award of punitive damages in an amount sufficient to deter and

4  make an example of Young and according to proof at trial;

5

6  **On All Claims for Relief**

7

8    9.    For costs incurred herein;

9

10    10.    For attorneys' fees; and

11

12    11.    For all general, special, and equitable relief to which the

13  Counterclaimant is entitled by law.

14

15    Respectfully submitted,

16

17  DATED: April 21, 2011              **WASSERMAN, COMDEN,**
                                       **CASSELMAN & ESENSTEN, L.L.P.**
18                                     ROBERT L. ESENSTEN
                                       RANDI R. GEFFNER
19                                     KIRK S. COMER

20

21    By: _____
                    KIRK S. COMER
22                Attorneys for Defendants
                  Laura Lungarelli and Hanna Israel
23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Israel demands a jury trial of any issues in this action so triable.

DATED: April 21, 2011  **WASSERMAN, COMDEN,**
          **CASSELMAN & ESENSTEN, L.L.P.**
          ROBERT L. ESENSTEN
          RANDI R. GEFFNER
          KIRK S. COMER

          By: _____
             KIRK S. COMER
          Attorneys for Defendants
          Laura Lungarelli and Hanna Israel

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801