ROBERT L. ESENSTEN (Bar No. 65728)
RANDI R. GEFFNER (Bar No. 116574)
KIRK S. COMER (Bar No. 240847)
**WASSERMAN, COMDEN, CASSELMAN
 & ESENSTEN, L.L.P.**
801 S. Garfield Avenue, Suite 328
Alhambra, California  91801
Telephone: (626) 308-9882
Facsimile:  (626) 308-9538

Attorneys for Defendant and
Counterclaimant Hanna Israel and
Defendant Laura Lungarelli

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PETER YOUNG, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>HANNA ISRAEL, an individual;<br>FAITH GUNDRAN, an individual;<br>LAURA LUNGARELLI, an individual;<br>ADAM WEISSMAN, an individual;<br>and DOES 1 - 30, Inclusive,<br><br>Defendants. | **CASE NO. CV11-01985 DMG (SHx)**<br><br>*Assigned to the Honorable Dolly M. Gee*<br><br>**NOTICE OF SPECIAL MOTION OF DEFENDANTS HANNA ISRAEL AND LAURA LUNGARELLI TO STRIKE COMPLAINT OF PETER YOUNG AS A "SLAPP" SUIT;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES;** |
| HANNA ISRAEL, an individual,<br><br>Counterclaimant,<br><br>vs.<br><br>PETER YOUNG, an individual,<br><br>Counterdefendant. | **DECLARATION OF KIRK S. COMER; AND**<br><br>**DECLARATION OF HANNA ISRAEL**<br><br>**[Filed concurrently with Request for Judicial Notice]**<br><br>Date:     June 20, 2011<br>Time:    9:30 a.m.<br>Place:   Courtroom 7, 2nd Floor<br><br>Action filed:      March 8, 2011<br>Trial Date:       None Set |

/ / /

/ / /

987641.6

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA  91801

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE THAT on June 20, 2011 at 9:30 a.m. or as soon thereafter as counsel may be heard in Courtroom 7, 2nd Floor, of the above-entitled court, located at 312 N. Spring Street, Los Angeles, CA 90012, defendant and counterclaimant HANNA ISRAEL and defendant LAURA LUNGARELLI (collectively "Defendants" except where necessary to identify any Defendant individually) will move the Court for an order striking the complaint filed by Plaintiff PETER YOUNG ("Young") in this action as to them, with prejudice, because it is a "strategic lawsuit against public participation" (more commonly known by its acronym, SLAPP).  In addition, Defendants request an award of attorney fees in an amount to be determined at a later point in time against Young and his counsel of record.

This motion is made pursuant to *Code of Civil Procedure* §425.16 on the grounds that as to Defendants, the claims arise from "conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech."  This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 6, 2011.

This motion is based upon this notice of motion, the memorandum of points and authorities, the declaration of Kirk S. Comer, the declaration of Hanna Israel, the request for judicial notice filed concurrently herewith, the pleadings and papers on file herein, and upon all further evidence and argument as may be hereafter presented.

DATED: May 10, 2011

**WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.**

By: _____/s/ Kirk S. Comer_____
KIRK S. COMER
Attorneys for Defendant and Counterclaimant
Hanna Israel and Defendant Laura Lungarelli

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

987641.6

2

SPECIAL MOTION TO STRIKE COMPLAINT OF PETER YOUNG AS A "SLAPP" SUIT; MEMO OF P&A'S;
DECL. OF KIRK S. COMER; DECL. OF HANNA ISRAEL

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES

I.     INTRODUCTION…………..…………………..……………….………....     1

II.    FACTUAL BACKGROUND……………………………………………….     2

III.   THE INSTANT AN ANTI-SLAPP MOTION IS PROPERLY

       BROUGHT……………………………………………………………….....     5

IV.    YOUNG'S MOTION SHOULD BE STRICKEN AS A SLAPP

       SUIT……………………………………………………………...…………     5

       A.   Section 425.16 is Construed Broadly and Applies to Any Kind of

            Claim…………………………………………………………...……     5

       B.   Young's Suit Arose From an Act in Furtherance of the Defendants'

            Right of Petition or Free Speech…………………………………...     7

            1.   All Alleged Statements Were Made in Connection With an

                 Issue of Public Interest………………..……………………     8

            2.   Many of The Alleged Statements Were Made in a Place

                 Open to the Public or in a Public Forum……………………     9

            3.   All Statements Not Made Publicly or in a Public Form Still

                 Fall Under the Protection of Section 425.16(e)……….…….     11

       C.   Young Can Not Demonstrate a Probability That He Will Prevail

            on Any Claim…………..……………………………………………     12

            1.   Young's Complaint Fails to Properly Plead Defamation…...     12

            2.   The Alleged Statements Were True…………………….…..     13

            3.   Young Can Not Demonstrate That Defendants Acted with

                 the Requisite Degree of Actual Malice Required for Public

                 Figures………………………………………………….……...     20

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

987641.6

SPECIAL MOTION TO STRIKE COMPLAINT OF PETER YOUNG AS A "SLAPP" SUIT; MEMO OF P&A'S;
DECL. OF KIRK S. COMER; DECL. OF HANNA ISRAEL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

4.   Defendants Alleged Statements Were Privileged as a Fair
     Comment of a Public Figure……..………………………   22

5.   Defendants' Alleged Statements About Young Were
     Constitutionally Protected Opinions………………………   23

6.   Young's False Light Claim Fails Since it is Based on the
     Same Underlying Facts as the Defamation Claim….………   23

7.   Young's Intentional Infliction of Emotional Distress Claim
     Fails Because the Defamation Claim Fails…..……………..   24

V.   DEFENDANTS ARE ENTITLED TO A MANDATORY AWARD OF
     ATTORNEY'S FEES UPON PREVAILING……………………………   25

VI.  CONCLUSION……………………………………………………..   25

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

# TABLE OF AUTHORITIES

## STATE CASES: <span style="float:right">Page</span>

*American Humane Ass'n v. Los Angeles Times*
(2001) 92 Cal.App.4th 1095……………………………………………25

*Averill v. Superior Court*
(1996) 42 Cal. App. 4th 1170……………………………..…….....11

*Barrett v. Rosenthal*
(2006) 40 Cal.4th 33………………………………………………11

*Beilenson v. Superior Court*
(1996) 44 Cal. App. 4th 944…………………………………….21

*Blatty v. New York Times Co.*
(1986) 42 Cal. 3d 1033……..…………………..……………….24

*Bradbury v. Superior Court*
(1996) 49 Cal. App. 4th 1108………………………………...…..6

*Briggs v. Eden Council for Hope and Opportunity*
(1999) 19 Cal. 4th 1106…………………………………...…..6

*Brown v. Kelly Broadcasting Co.*
(1989) 48 Cal. 3d 711……./……………………………………..22

*Campanelli v. Regents of the Univ. of Cal.*
(1996) 44 Cal. App. 4th 572……………………………………13

*Carlisle v. Fawcett Publications, Inc.*
(1962) 201 Cal.App.2d 733……………………………….8, 21

*Church of Scientology v. Wollersheim*
(1996) 42 Cal. App. 4th 628……………………………….6, 12

*City of Cotati v. Cashman*
(2002) 29 Cal. 4th 69………………….…………………….7

*Clark v. Burleigh*
(1992) 4 Cal. 4th 474……………………..….…………...10

*Copp v. Paxton*
(1996) 45 Cal. App. 4th 829………………………….20, 21, 23

*Des Granges v. Crall*
(1915) 27 Cal.App. 313………..……………………………..12

*Eisenberg v. Alameda Newspapers, Inc.*
(1999) 74 Cal.App.4th 1359……………..…………………..23

*Equilon Enterprises v. Consumer Cause, Inc.*
(2002) 29 Cal.4th 53…………………….……….………....7, 12

987641.6

iii

SPECIAL MOTION TO STRIKE COMPLAINT OF PETER YOUNG AS A "SLAPP" SUIT; MEMO OF P&A'S;
DECL. OF KIRK S. COMER; DECL. OF HANNA ISRAEL

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Fleming v. City of Oceanside*
(2010) 2010 U.S. Dist. LEXIS 132179……………………………..…………...23

*Gilbert v. Sykes*
(2007) 147 Cal. App. 4th 13…..……………………………………….……8, 24

*Hailstone v. Martinez*
(2008) 169 Cal. App. 4th 728…………………………………………………11

*Hanna v. Plumer*
(1965) 380 U.S. 460…………………………………………………….……..5

*Haub v. Freiermuth*
(1905) 1 Cal. App. 556……………………………………………………….12

*Kajima Engineering & Construction, Inc. v. City of Los Angeles*
(2002) 95 Cal.App.4th 921…………………………………...……………7, 12

*Kapellas v. Kofman*
(1969) 1 Cal.3d 20……………………………………………………………24

*Kronemyer v. Internet Movie Database Inc.*
(2007) 150 Cal. App. 4th 941……………………………………...………….11

*Montandon v. Triangle Publications, Inc.*
(1975) 45 Cal. App. 3d 938……………………………….…...……………..21

*Moyer v. Amador Valley J. Union High Sch. Dist.*
(1990) 225 Cal. App. 3d 720……………………………...…………………..23

*Navallier v. Sletten*
(2002) 29 Cal. 4th 82……………………………...………..……………6, 12

*Nygard, Inc. v. Uusi-Kerttula*
(2007) 159 Cal. App. 4th 1027…………………………...…..……………8, 10

*Ringler Assoc Inc. v. Maryland Cas. Co.*
(2000) 80 Cal.App.4th 1165……………………………..…………………..13

*Savage v. Pacific Gas & Electric Co.*
(1993) 21 Cal. App. 4th 434………………………………..……………..…23

*Seelig v. Infinity Broadcasting Corp.*
(2002) 979 Cal.App.4th 798……………………………….…………..…8, 13

*Sipple v. Foundation for Nat. Progress*
(1999) 71 Cal. App. 4th 226……………………………………………….…9

*Terry v. Davis Community Church*
(2005) 131 Cal. App. 4th 1534……………………………...…………....9, 11

*Tschirky v. Superior Court*
(1981) 124 Cal. App. 3d 534……….………………………..…………….....22

987641.6

iv

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.*
(1999) 190 F.3d 963…………………………………..………………….……5

*Varian Med. Sys., Inc. v. Delfino*
(2005) 35 Cal.4th 180…………………………………..…………………….…7

*Weinberg v. Feisel*
(2003) 110 Cal. App. 4th 1122…….…………………………………….....20


## STATE STATUTES:

Code of Civil Procedures

     Section 425.16………………………………………………1, 5, 6, 7, 12

     Section 425.16(a)………………………………………….……………5

     Section 425.16(b)…………………………………………………………1

     Section 425.16(b)(1)……………………………………………....1, 6

     Section 425.16(c)………………………………………………………25

     Section 425.16(e)……………………………………………7, 11

     Section 425.16(e)(3)……………………………………..……...8, 9

     Section 425.16(e)(4)……………………………………....…..8, 11

     Section 1033.5………………………………………………………25

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

987641.6

v

SPECIAL MOTION TO STRIKE COMPLAINT OF PETER YOUNG AS A "SLAPP" SUIT; MEMO OF P&A'S;
DECL. OF KIRK S. COMER; DECL. OF HANNA ISRAEL

<div align="center"><u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u></div>

**I.      INTRODUCTION.**

Domestic abuse, domestic violence, relationship abuse, intimate partner violence – all words broadly defined as a pattern of abusive and coercive behaviors used to maintain power and control over an intimate partner.  Such abuse takes many forms, including emotional, psychological, financial, sexual and physical, and involves threats, isolation, domineering and intimidation.  Defendant and Counterclaimant HANNA ISRAEL ("Israel") and Plaintiff PETER YOUNG ("Young") were in a romantic relationship wherein Israel was the victim of such abuse at the hands of Young.  Young's Complaint against Israel, and her close friend Defendant LAURA LUNGARELLI ("Lungarelli") (collectively "Defendants"), is a "strategic lawsuit against public participation," or "SLAPP" suit, obviously intended to chill Defendants' ability to exercise their constitutional rights to discuss the violence Young inflicted on Israel and other women.  As such, Young's complaint must be stricken under *Code of Civil Procedure* § 425.16.

*Code of Civil Procedure* §425.16(b)(1) allows a Court to strike causes of action arising from any act of that person in furtherance of the person's right of petition or free speech unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.  As explained herein, Defendants' alleged conduct set forth in Young's Complaint is in furtherance of their right of petition and free speech.  Further, Young's Complaint, in its entirety, is without merit since he will be unable to meet his burden of establishing that there is a probability that he will prevail on his claims.  *Code of Civil Procedure* § 425.16(b).

First, Young's Complaint fails to properly plead defamation.  Second, while the overwhelming majority of Young's Complaint is a work of fiction, assuming *arguendo* that any of the statements were made by Defendants, such statements were true.  Third, Young is a public figure and he will be unable to demonstrate that

<div style="writing-mode: vertical-rl;">WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.<br>801 S. GARFIELD AVENUE, SUITE 328<br>ALHAMBRA, CALIFORNIA 91801</div>

987641.6

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

1    Defendants acted with the requisite degree of actual malice.  Fourth, the alleged

2    statements made about Young were a fair comment on a public figure.  Fifth, the

3    alleged statements were opinions and not statements of fact.  Finally, Young's false

4    light claim is improper as a matter of law.  Accordingly, Defendants respectfully

5    request that Young's Complaint be dismissed and that they be awarded their

6    attorneys fees incurred in connection with this motion against Young and his

7    counsel.

8    **II.    FACTUAL BACKGROUND.**

9         Israel met Young a few months after her 18th birthday when Young was 31.

10   (Israel Decl. ¶¶ 2, 3.)  Shortly thereafter, the two began an intimate physical

11   relationship but did not start dating until early 2009.  (Israel Decl. ¶ 3.)

12        Young and Israel are both activists in the animal rights movement.  (Israel

13   Decl. ¶ 4.)  Young is one of the most well known activists in the animal rights

14   movement for at least 5 years.  (Israel Decl. ¶ 4.)  Young has appeared as an actor in

15   the films "Bold Native" and "Skin Trade," has his own Wikipedia page, has his own

16   popular website, has several videos on YouTube and has given several interviews to

17   newspapers and magazines.  (Israel Decl. ¶¶ 4-5, Exhibits "A"-"C".)[1]  Young has

18   made numerous speaking engagements at universities, schools and events as well as

19   at animal rights conferences, including a paid appearance at Harvard University.

20   (Israel Decl. ¶ 4.)  As a result of Young's notoriety, he has been targeted by the Fur

21   Commission USA – a trade group representing mink farmers.  (Israel Decl. ¶ 4.)[2]

22        In or around May 2009, Young invited Israel to accompany him on a nine

23

24   _____

25   [1] One such article in the Mercury News details his decades of public activism, and he is referred to
     as "legendary" in the activist community.  (Israel Decl. ¶ 4, Exhibit "C".)

26   [2] The group set up websites portraying Young in a negative light and is seeking to recover the
     $254,000 in restitution that Young was ordered to pay the farmers whose animals he released.
27   (Israel Decl. ¶ 4.)

28

1  state road trip to shoot film footage for the film "Skin Trade." (Israel Decl. ¶ 6.)

2  Young was supposed to handle the financial planning for the trip and arrange for

3  food, lodging, transportation and incidental expenses. (Israel Decl. ¶ 6.)

4        During the trip (from on or around June 16, 2009 to on or around August 29,

5  2009) Young physically, emotionally and sexually abused Israel by engaging the

6  following activity on an almost daily basis: (Israel Decl. ¶ 7-14.)

7        •      Young demeaned Israel, ridiculed her, humiliated her, harassed her,

8  disrespected her, called her names and obscenities, and made personal attacks as to

9  her character. (Israel Decl. ¶ 7.)[3]  These frequently involved physical acts such as

10  Young slamming car doors, hotel doors, throwing objects and slamming his fists

11  into objects. (Israel Decl. ¶ 7.) Young repeatedly threatened to abandon Israel in

12  unfamiliar places. (Israel Decl. ¶ 8.)

13        •      Young asserted financial control over Israel. (Israel Decl. ¶ 9.) Young

14  controlled the funds for the trip and initially provided Israel with a budget of only $5

15  a day to purchase food. (Israel Decl. ¶ 9.) Subsequently, Young refused to provide

16  any further money to Israel for food. On several occasions, she would sit in the

17  back of the car and go hungry while Young forced her to watch him eat his meals in

18  the front seat of the car. (Israel Decl. ¶ 9.)

19        •      In or around July 2009, Israel needed to take Plan "B" emergency

20  contraception. (Israel Decl. ¶ 10.) The medicine made Israel extremely ill and she

21  experienced fever, chills, tunnel vision, intense cramping and vomiting and thought

22  she would die. (Israel Decl. ¶ 10.) She believed she was having an abnormal

23  _____

24  [3] For example, sometimes Young would completely ignore Israel and treat her as if she was not

25  even there. Other times, Young would yell at Israel until she would start crying and then continue
   to yell at her. Young would tell her that she was worthless, selfish and that she was ruining their

26  work. He would tell her she was f***ing everything up. He called her a f***ing brat, a f***ing
   bitch and a slut. He would tell her that she only cared about herself and not the animal rights

27  movement. (Israel Decl. ¶ 7.)

28

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

1   reaction to the medication, asked to rest and advised Young that she thought she

2   should see a doctor.  (Israel Decl. ¶ 10.)  Young verbally attacked Israel and

3   threatened to leave her at a truck stop.  (Israel Decl. ¶ 10.)  Young did not take Israel

4   to get medical attention, refused to allow her to rest and instead forced her to hike

5   for several miles to perform the day's filming.  (Israel Decl. ¶ 10.)  Young physically

6   assaulted Israel by violently grabbing her arm and dragging her for portions of the

7   hike.  (Israel Decl. ¶ 10.)

8         •      At one point during the trip, Young forced Israel to perform a sex act

9   on him against her will.  (Israel Decl. ¶ 11.)  Initially, she consensually provided

10  Young with oral sex until she withdrew her consent.  (Israel Decl. ¶ 11.)  Young

11  demanded that she finish the act and yelled at her in such a way that she feared for

12  her safety.  (Israel Decl. ¶ 11.)  Out of fear, she complied.  (Israel Decl. ¶ 11.)  She

13  was later advised that even though she consented to the sexual act, it is considered

14  rape and sexual assault if a person does not want to perform a sexual act but was

15  coerced into doing it out of fear and duress.  (Israel Decl. ¶ 11.)

16        •      At times, Israel feared she would be physically assaulted by Young.

17  (Israel Decl. ¶ 12.)  On one such incident, Israel advised Young that she could no

18  longer remain on the trip due to his abusive behavior.  (Israel Decl. ¶ 12.)  Young

19  verbally assaulted her, threw several objects around the hotel room and in her

20  general direction and Israel was in imminent fear of being struck by Young or the

21  objects he was throwing.  (Israel Decl. ¶ 12.)  Another incident occurred when

22  Young demanded that Israel take money out of her bank account to help pay for the

23  trip.  (Israel Decl. ¶ 13.)  When she refused, Young verbally assaulted her, took his

24  debit card out of his pocket and shook it violently in front of her face as if he was

25  going to strike her.  (Israel Decl. ¶ 13.)  Again, Israel was in imminent fear of begin

26  struck by Young and she became incontinent.  (Israel Decl. ¶ 13.)

27        On or around August 29, 2009, the trip ended when Young suddenly

28  abandoned Israel at the Minneapolis airport without any money to return home.

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

1   (Israel Decl. ¶ 14.)  As a result of these actions of Young, Israel experienced

2   suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock,

3   humiliation, and shame.  (Israel Decl. ¶ 15.)  She lost over 20 pounds of weight,

4   broke out in severe rashes and her hair began falling out.  (Israel Decl. ¶ 15.)  She

5   has not had a normal menstrual cycle since this ordeal even though such was normal

6   prior.  (Israel Decl. ¶ 15.)  In or around October 2009, Israel had an emotional

7   breakdown as a result of Young's actions set forth herein.  (Israel Decl. ¶ 16.)  She

8   was taken to the hospital, and later taken to the health center in an ambulance.  She

9   has started seeing a therapist concerning Young and her ordeal.  (Israel Decl. ¶ 16.)

## III.   THE INSTANT AN ANTI-SLAPP MOTION IS PROPERLY BROUGHT.

12       A special motion to strike a SLAPP suit under *Code of Civil Procedure*

13   §425.16 may be brought in a federal action since there is no "direct collision" with

14   the *Federal Rules of Civil Procedure* and Section 425.16 furthers "important,

15   substantive state interests."  *United States ex rel. Newsham v. Lockheed Missiles &*

16   *Space Co.* (1999) 190 F.3d 963, 972-973.  Further, "the twin purposes of the Erie

17   rule – 'discouragement of forum-shopping and avoidance of inequitable

18   administration of the law' - favor application of California's Anti-SLAPP statute in

19   federal cases."  *Id.* citing *Hanna v. Plumer* (1965) 380 U.S. 460.  Further, as set

20   forth in the declaration of Kirk S. Comer, Defendants have complied with the meet

21   and confer requirements set forth in Local Rule 7.3.  (Decl. of Kirk S. Comer, ¶ 2)

## IV.   YOUNG'S COMPLAINT SHOULD BE STRICKEN AS A SLAPP SUIT

### A.   Section 425.16 is Construed Broadly and Applies to Any Kind of Claim

25   *Code of Civil Procedure* § 425.16(a) provides as follows:

> "The Legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. The Legislature finds and declares that it is in the public

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

1   interest to encourage continued participation in matters of
2   public significance, and that this participation should not
    be chilled through abuse of the judicial process. To this
    end, this section shall be construed broadly."

3   Further,

4       "Section 425.16 is designed to protect citizens in the
5       exercise of their First Amendment constitutional rights of
        free speech and petition.  It is California's response to the
6       problems created by meritless lawsuits brought to harass
        those who have exercised these rights."  *Church of*
7       *Scientology v. Wollersheim* (1996) 42 Cal. App. 4th 628,
        644-645.

8

9       By its own terms, it is mandatory that the anti-SLAPP statute "shall be

10  construed broadly."  *Code Civ. Proc.* § 425.16(a); *Briggs v. Eden Council for Hope*

11  *and Opportunity* (1999) 19 Cal. 4th 1106, 1119.  Whenever possible, courts should

12  interpret the First Amendment and section 425.16 in a manner "favorable to the

13  exercise of freedom of speech, not its curtailment."   *Bradbury v. Superior Court*

14  (1996) 49 Cal. App. 4th 1108, 1114, fn. 3.

15

16      *Code of Civil Procedure* § 425.16(b)(1) provides as follows:

17      "A cause of action against a person arising from any act of
        that person in furtherance of the person's right of petition
18      or free speech under the United States Constitution or the
        California Constitution in connection with a public issue
19      shall be subject to a special motion to strike, unless the
        court determines that the plaintiff has established that
20      there is a probability that the plaintiff will prevail on the
        claim."

21

22      The California legislature did not restrict the protection afforded by the statute

23  to any certain type of claim, "recognizing that all kinds of claims could achieve the

24  object of a SLAPP suit – to interfere with and burden the defendant's exercise of his

25  or her rights."  *Church of Scientology v. Wollersheim* (1996) 42 Cal. App. 4th 628,

26  652 (overruled on other grounds); *see also Navallier v. Sletten* (2002) 29 Cal.4th 82,

27  92 ("Nothing in the statute … excludes any particular type of action form its

28  operation.").  In sum, Section 425.16 applies if "the plaintiff's cause of action itself

987641.6

SPECIAL MOTION TO STRIKE COMPLAINT OF PETER YOUNG AS A "SLAPP" SUIT; MEMO OF P&A'S;
DECL. OF KIRK S. COMER; DECL. OF HANNA ISRAEL

1    was *based* on an act in furtherance of the defendant's right of petition or free

2    speech." *City of Cotati v. Cashman* (2002) 29 Cal. 4th 69, 78 (emphasis in original).

3    Here, Section 425.16 applies since all causes of action in Young's Complaint are

4    based on Defendants' exercise of their rights of free speech.

5        **B.**      **Young's Suit Arose From an Act in Furtherance of the**

6             **Defendants' Right of Petition or Free Speech**

7       Section 426.16 requires a two-step analysis for determining whether an anti-

8    SLAPP motion should be granted. *Varian Med. Sys., Inc. v. Delfino* (2005) 35

9    Cal.4th 180, 192. The burden in the first step is upon the moving defendant to make

10    an initial prima facie showing that plaintiff's suit arose from an act in furtherance of

11    the defendant's right of petition or free speech. *Equilon Enterprises v. Consumer*

12    *Cause, Inc.* (2002) 29 Cal.4th 53, 67 (quoting Code Civ. Proc. § 425.16(e)); *see also*

13    *Kajima Engineering & Construction, Inc. v. City of Los Angeles* (2002) 95

14    Cal.App.4th 921, 928. Section §425.16(e) defines an "act in furtherance of a

15    person's right of petition or free speech under the United States or California

16    Constitution in connection with a public issue" as:

17          "(1) any written or oral statement or writing made before a
18          legislative, executive, or judicial proceeding, or any other
            official proceeding authorized by law, (2) any written or
19          oral statement or writing made in connection with an issue
            under consideration or review by a legislative, executive,
20          or judicial body, or any other official proceeding
            authorized by law, (3) any written or oral statement or
21          writing made in a place open to the public or a public
            forum in connection with an issue of public interest, or (4)
22          any other conduct in furtherance of the exercise of the
            constitutional right of petition or the constitutional right of
23          free speech in connection with a public issue or an issue of
            public interest."

24       Defendants easily satisfy their burden under the first prong of the test. First,

25    all of the alleged statements were made about a public figure and about domestic

26    violence -- both separate and distinct topics of public interest. Second, most of the

27    alleged statements were made in a place open to the public or a public forum.

28    Taken together, these oral and written statements are clearly made in furtherance of

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

1   Defendants' rights of petition or free speech under Section 425.16(e)(3).  For the

2   alleged statements made privately, all were made about an issue of public interest.

3   As such, they are also considered to be made in furtherance of the exercise of the

4   constitutional right of petition or the constitutional right of free speech under

5   Section 425.16(e)(4).

6            1.      **All Alleged Statements Were Made in Connection With**

7                    **an Issue of Public Interest.**

8            In interpreting the public interest requirement of section 425.16(e)(3),

9   California courts have found that such "'must be " 'construed broadly' so as to

10  encourage participation by all segments of our society in vigorous public debate

11  related to issues of public interest." "' *Gilbert v. Sykes* (2007) 147 Cal. App. 4th 13,

12  23 *citing Seelig v. Infinity Broadcasting Corp.* (2002) 97 Cal.App.4th 798, 808.

13  Further, " 'an issue of public interest' within the meaning of section 425.16,

14  subdivision (e)(3) is any issue in which the public is interested" and "the issue need

15  not be 'significant' to be protected by the anti-SLAPP statute—it is enough that it is

16  one in which the public takes an interest." *Nygard, Inc. v. Uusi-Kerttula* (2008) 159

17  Cal. App. 4th 1027, 1042.

18          First, the alleged statements about Young are an issue of public interest since

19  they are made concerning Young – a person in the public eye and a public figure.[4]

20  A statement is in the public interest when it involves a person or entity in the public

21  eye.  *See Carlisle v. Fawcett Publications, Inc.* (1962) 201 Cal.App.2d 733, 746

22  ("There is a public interest which attaches to people who by their accomplishments,

23  mode of living, professional standing or calling, create a legitimate and widespread

24  attention to their activities.").  As explained *infra*, as a result of Young's reputation

25  in the animal rights movement, films in which he has appeared, speeches he has

26  _____

27  [4] Young's status as a public figure is discussed in depth *infra*.

28

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

given and websites he operates, Young has become famous.  As such, it is apparent that the public at large is interested in Young the individual and any statements made about him would fall under Section 425.16(e)(3).

Further, the alleged statements are a matter of public interest since they involve protecting women from abusive relationships.  Several California courts have expressly found that the topic of domestic violence is an issue of widespread public interest.  *Sipple v. Foundation for Nat. Progress* (1999) 71 Cal. App. 4th 226, 238 (Rejecting argument that domestic violence is not an issue of public interest and noting that it is an extremely important issue in our society); *Terry v. Davis Community Church* (2005) 131 Cal. App. 4th 1534, 1548 (Child molestation and domestic violence are significant and of public interest).  Since the alleged statements implicate this significant public interest, they fall within Section 425.16(e)(3).

### 2. Many of The Alleged Statements Were Made in a Place Open to the Public or in a Public Forum.

Many of the alleged statements set forth in Young's complaint were alleged to have been made in a public forum.  The following chart categorizes *all* of the alleged defamatory statements as set forth in the Complaint, how they were made and if such were made publicly or privately:

| Paragraph of the Complaint | How Statement Was Made | Characterization |
|---|---|---|
| Paragraph 10 (a)(b) | Statements allegedly made through e-mails to specific individuals | Private |
| Paragraph 10 (d)(g)(i)(j) | Statements allegedly made through direct contact with specific individuals | Private |

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

| | | |
|---|---|---|
| Paragraph 10(f) | Statements allegedly made through a list serve[5] | Public/Public Forum |
| Paragraph 10(h) | Statements allegedly made through a flyer passed out a public conference | Public/Public Forum |
| Paragraph 11 | Statements allegedly posted on various online websites including Wikipedia.com, scribd.com, veganthis.org, youtube.org | Public/Public Forum |
| Paragraph 12 | Statements allegedly posted on an online internet blog at challengeoppression.com | Public/Public Forum |
| Paragraph 13 | Statements allegedly posted online at youtube.org | Public/Public Forum |
| Paragraph 14 | Statements allegedly posted online at activistabuse.wordpress.com | Public/Public Forum |
| Paragraph 15 | Statements allegedly made through a variety of methods including direct contact with individuals, e-mails to specific individuals, via a list serve, via a blog, via internet postings at websites and via flyers | Private and Public/Public Forum |
| Paragraph 18 | Statements allegedly made online through a website fruitiondesign.com/dealwithit/02wispy/php | Public/Public Forum |

A public forum is defined as a place that is open to the public where information is freely exchanged.  *Clark v. Burleigh* (1992) 4 Cal. 4th 474, 482; *Nygard, Inc. v. Uusi-Kerttula* (2007) 159 Cal. App. 4th 1027, 1036.  Further, web sites accessible to the public are "public forums" for the purposes of the anti-SLAPP

---

[5] When e-mail is addressed to a list serve, it is automatically broadcast to everyone on the list. The result is similar to a newsgroup or forum.

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA  91801

statute.  *Barrett v. Rosenthal* (2006) 40 Cal.4th 33, 41, fn. 4; *Kronemyer v. Internet Movie Database Inc.* (2007) 150 Cal. App. 4th 941, 950.  The statements set forth in Paragraph 10(f) were allegedly written and disseminated at a conference either open to the public or to a large group of individuals.  The statements set forth in Paragraph 10(h) were allegedly made to a discussion group via a list serve.  The statements set forth in Paragraphs 11, 12, 13, 14, part of 15, and 18 were all allegedly made in web sites accessible to the public.[6]  As such, all of the alleged defamatory statements, except those allegedly made as set forth in Paragraph 10 (a)(b)(d)(g)(i)(j) and in part of Paragraph 15, were made in a place open to the public or in a public forum.

### 3.     All Statements Not Made Publicly or in a Public Forum Still Fall Under the Protection of Section 425.16(e).

Since the categories enumerated in Section 425.16(e) are not all-inclusive[7], California courts have found that private communications and conversations regarding a public issue are protected under the statute.  *Hailstone v. Martinez* (2008) 169 Cal. App. 4th 728, 736 (Noting that Section 425.16 (e)(4) applies to private communications concerning issues of public interest.); *Averill v. Superior Court* (1996) 42 Cal. App. 4th 1170, 1175-1176 (finding that private conversations could not be excluded from protection under 425.16(e).); *see also Terry v. Davis Community Church* (2005) 131 Cal. App. 4th 1534, 1546 (concluding that Section 425.16(e) applies to private conversations concerning issues of public interest.).  Accordingly, even the alleged statements not made publicly or in a public forum are considered made in furtherance of a person's right of petition or free speech since

---

[6] In fact, Young's complaint purports to obtain jurisdiction over the two out of state defendants by alleging that jurisdiction is proper because Defendants operate an interactive website that residents of the state of California access.

[7] 425.16(e) states that an act in furtherance of a person's right of petition or free speech "*includes*:" [the 4 enumerated categories] – not is limited to such.

they all concern the issue of domestic violence.

### C.   Young Can Not Demonstrate a Probability That He Will Prevail on Any Claim.

Once the defendant demonstrates that the complaint comes within the provisions of Section §425.16, the burden then shifts to plaintiff to demonstrate a probability that he will prevail on the claim.  *Equilon, supra*, 29 Cal.4th at 67; Code. Civ. Proc. §425.16(b)(1); *Kajima Engineering, supra,* 95 Cal.App.4th at 928. Plaintiff must then provide **<u>admissible evidence</u>** to establish a prima facie case. *Navellier, supra,* 29 Cal.4th at 88 (emphasis added).  "Put another way, the plaintiff 'must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.'"[8]  *Id.*  Here, Young's Complaint fails for the following independent reasons:

### 1.   Young's Complaint Fails to Properly Plead Defamation.

A complaint for defamation must plead the statements that constitute defamation.  *Des Granges v. Crall* (1915) 27 Cal.App. 313, 314-315 (a demurrer is properly sustained where complaint for libel fails to state exact libelous words)*; Haub v. Freiermuth* (1905) 1 Cal. App. 556 ("It is not sufficient to merely allege that he charged the plaintiff with having committed a certain designated crime.  The words must be set out in the complaint that the defendant may have notice of the particular charge which he is required to answer.").

Here, Defendants do not have proper notice of the alleged defamatory statements made by them.  Not only are many of the alleged defamatory statements

---

[8] Much like opposing a motion for summary judgment, a plaintiff opposing an anti-SLAPP motion to strike "cannot simply rely on the allegations in its own pleadings, even if verified, to make the evidentiary showing required…."  *Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628, 656.  Evidence sufficient to prove each element of the cause of action must be produced in opposition papers, and "[s]uch evidence must be admissible." *Id.*

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

987641.6

12

SPECIAL MOTION TO STRIKE COMPLAINT OF PETER YOUNG AS A "SLAPP" SUIT; MEMO OF P&A'S; DECL. OF KIRK S. COMER; DECL. OF HANNA ISRAEL

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

1  paraphrased instead of being set forth exactly, more importantly, Defendants have

2  no way of knowing which statements were purportedly made by which defendant.

3  There are four named defendants in this action, yet **every factual allegation in the**

4  **complaint** is phrased as "Defendants … made the following statements" or "[o]ne

5  Defendant claimed" or "Defendants contacted."  There is *never* a specific allegation

6  as to which defendant made which statement to whom.  Further, Young never

7  identifies exactly to whom the alleged defamatory statements were made.  Again,

8  only broad descriptions are given such as "conference organizers," "animal rights

9  community leaders," and Young's "personal contacts."  Without identifying which

10  statement (using the exact words of the statement) was purportedly made by which

11  defendant to which person, the defamation claim is not properly pled and Young

12  will be unable to prevail on such.

13                    **2.      The Alleged Statements Were True.**

14          California law mandates that defamatory remarks be false to give rise to a

15  cause of action.  *Civil Code* §§ 45, 46; *Ringler Assoc Inc. v. Maryland Cas. Co.*

16  (2000) 80 Cal.App.4th 1165, 1180 ("It is an essential element of defamation that the

17  publication be of a false statement of *fact* rather than opinion") (emphasis in

18  original); *Seelig v. Infinity Broadcasting Corp.* (2002) 97 Cal. App. 4th 798, 809

19  ("There can be no recovery for defamation without falsehood").  Truth is an absolute

20  defense.  Moreover, "'the defendant need not justify the literal truth of every word of

21  the allegedly defamatory matter. It is sufficient if the substance of the charge is

22  proven true, irrespective of slight inaccuracy in the details, "so long as the

23  imputation is substantially true so as to justify the 'gist or sting' of the remark." '"

24  *Ringler Associates Inc. v. Maryland Casualty Co.* (2000) 80 Cal. App. 4th 1165,

25  1180-1181 citing *Campanelli v. Regents of the Univ. of Cal.* (1996) 44 Cal. App. 4th

26  572, 581-582 (emphasis in original).

27          Here, even if the alleged defamatory statements had been published by

28  Defendants, the statements would be protected because they are substantially true.

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

1  The factual allegations of Young's Complaint are neatly summarized in Paragraphs
2  16 and 17; namely, that Defendants have made the following statements about
3  Young:  he is a rapist; he is a predator; he is physically abusive; he is sexually
4  abusive; and, he is generally dangerous to women.  Complaint, ¶ 16.  One defendant
5  is alleged to have made the following statements about Young: he refused to take
6  her to the hospital and she almost died; he forced her to walk several miles when she
7  was sick; he starved her; he raped her; and, he abused her.  Complaint, ¶ 17.  The
8  following sets forth the alleged defamatory statements and the portions of the
9  Declaration of Hanna Israel showing such statements, although not admitted to have
10 been made, are substantially true:

| | |
|---|---|
| "He is a Rapist"<br>(Complaint, ¶ 16) | Young forced Israel to perform a sex act on him against her will through yelling and causing Israel to fear for her safety. Israel reasonably considered such to be rape and sexual assault since she was later advised that even though she consented to the sexual act, such consent was obtained through duress.<br>(Israel Decl., ¶ 11) |
| "He is a predator"<br>(Complaint, ¶ 16) | Young began an intimate physical relationship with Israel three months after she turned 18 when he was 31.<br>(Israel Decl., ¶¶ 2, 3)<br>Young was verbally abusive towards Israel.<br>(Israel Decl., ¶¶ 7, 8, 10, 11, 12, 13)<br>Young threatened to strand Israel in |

28

unfamiliar places;

(Israel Decl., ¶ 8)

Young asserted financial control over Israel.  Young took away Israel's food budget and refused to provider her with money to purchase food.  On several occasions, Israel went hungry.

(Israel Decl., ¶9)

When Israel became severely ill, Young did not allow her to rest, did not take her to the doctor and verbally and physically assaulted and her.

(Israel Decl., ¶ 10);

Young forced Israel to perform a sex act on him against her will through yelling and causing Israel to fear for her safety.  Israel reasonably considered such to be rape and sexual assault since she was later advised that even though she consented to the sexual act, such consent was obtained through duress.

(Israel Decl., ¶ 11)

Young placed Israel in the position where she felt she would be imminently physically assaulted and battered by him.

(Israel Decl., ¶¶ 12, 13)

Young abandoned Israel at an airport

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

987641.6

15

SPECIAL MOTION TO STRIKE COMPLAINT OF PETER YOUNG AS A "SLAPP" SUIT; MEMO OF P&A'S;
DECL. OF KIRK S. COMER; DECL. OF HANNA ISRAEL

| | |
|---|---|
| | with no means to get home. |
| | (Israel Decl., ¶ 14) |
| "He is physically abusive" (Complaint, ¶ 16) | When Israel became severely ill, Young did not allow her to rest, did not take her to the doctor and verbally and physically assaulted her. She felt like she was gong to die. (Israel Decl., ¶ 10) Young placed Israel in the position where she felt she would be imminently physically assaulted and battered by him. (Israel Decl., ¶¶ 12, 13) |
| "He is sexually abusive" (Complaint, ¶ 16) | Young forced Israel to perform a sex act on him against her will through yelling and causing Israel to fear for her safety. Israel reasonably considered such to be rape and sexual assault since she was later advised that even though she consented to the sexual act, such consent was obtained through duress. (Israel Decl., ¶ 11) |
| "He is generally dangerous to women" (Complaint, ¶ 16) | Young began an intimate physical relationship with Israel three months after she turned 18 when he was 31. (Israel Decl., ¶¶ 2, 3) Young was verbally abusive towards Israel. |

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

987641.6

16

SPECIAL MOTION TO STRIKE COMPLAINT OF PETER YOUNG AS A "SLAPP" SUIT; MEMO OF P&A'S;
DECL. OF KIRK S. COMER; DECL. OF HANNA ISRAEL

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

1   (Israel Decl., ¶¶ 7, 8, 10, 11, 12, 13)

2   Young threatened to strand Israel in

3   unfamiliar places;

4   (Israel Decl., ¶ 8)

5   Young asserted financial control over

6   Israel.  Young took away Israel's food

7   budget and refused to provider her with

8   money to purchase food.  On several

9   occasions, Israel went hungry.

10  (Israel Decl., ¶9)

11  When Israel became severely ill, Young

12  did not allow her to rest, did not take her

13  to the doctor and verbally and physically

14  assaulted and her.

15  (Israel Decl., ¶ 10);

16  Young forced Israel to perform a sex act

17  on him against her will through yelling

18  and causing Israel to fear for her safety.

19  Israel reasonably considered such to be

20  rape and sexual assault since she was

21  later advised that even though she

22  consented to the sexual act, such consent

23  was obtained through duress.

24  (Israel Decl., ¶ 11)

25  Young placed Israel in the position

26  where she felt she would be imminently

27  physically assaulted and battered by him.

28

987641.6

17

SPECIAL MOTION TO STRIKE COMPLAINT OF PETER YOUNG AS A "SLAPP" SUIT; MEMO OF P&A'S;
DECL. OF KIRK S. COMER; DECL. OF HANNA ISRAEL

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

| | |
|---|---|
| | (Israel Decl., ¶¶ 12, 13)<br>Young abandoned Israel at an airport<br>with no means to get home.<br>(Israel Decl., ¶ 14) |
| "He refused to take her to the hospital<br>and she almost died"<br>(Complaint, ¶ 17) | When Israel became severely ill, Young<br>did not allow her to rest, did not take her<br>to the doctor and verbally and physically<br>assaulted and her. She felt like she was<br>gong to die.<br>(Israel Decl., ¶ 10) |
| "He forced her to walk several miles<br>when she was sick"<br>(Complaint, ¶ 17) | When Israel became severely ill, Young<br>did not allow her to rest, did not take her<br>to the doctor and verbally and physically<br>assaulted and her. She felt like she was<br>gong to die.<br>(Israel Decl., ¶ 10) |
| "He starved her"<br>(Complaint, ¶ 17) | Young asserted financial control over<br>Israel.  Young took away Israel's food<br>budget and refused to provider her with<br>money to purchase food.  On several<br>occasions, Israel went hungry.<br>(Israel Decl., ¶9) |
| "He raped her"<br>(Complaint, ¶ 17) | Young forced Israel to perform a sex act<br>on him against her will through yelling<br>and causing Israel to fear for her safety.<br>Israel reasonably considered such to be<br>rape and sexual assault since she was |

| | |
|---|---|
| | later advised that even though she consented to the sexual act, such consent was obtained through duress. (Israel Decl., ¶ 11) |
| "He abused her" (Complaint, ¶ 17) | Young began an intimate physical relationship with Israel three months after she turned 18 when he was 31. (Israel Decl., ¶¶ 2, 3) Young was verbally abusive towards Israel. (Israel Decl., ¶¶ 7, 8, 10, 11, 12, 13) Young threatened to strand Israel in unfamiliar places; (Israel Decl., ¶ 8) Young asserted financial control over Israel.  Young took away Israel's food budget and refused to provider her with money to purchase food.  On several occasions, Israel went hungry. (Israel Decl., ¶9) When Israel became severely ill, Young did not allow her to rest, did not take her to the doctor and verbally and physically assaulted and her. (Israel Decl., ¶ 10); Young forced Israel to perform a sex act on him against her will through yelling |

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

987641.6

19

SPECIAL MOTION TO STRIKE COMPLAINT OF PETER YOUNG AS A "SLAPP" SUIT; MEMO OF P&A'S; DECL. OF KIRK S. COMER; DECL. OF HANNA ISRAEL

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

| | and causing Israel to fear for her safety. Israel reasonably considered such to be rape and sexual assault since she was later advised that even though she consented to the sexual act, such consent was obtained through duress. (Israel Decl., ¶ 11) Young placed Israel in the position where she felt she would be imminently physically assaulted and battered by him. (Israel Decl., ¶¶ 12, 13) Young abandoned Israel at an airport with no means to get home. (Israel Decl., ¶ 14) |
|---|---|

As such, for each alleged defamatory statement, Defendants had a reasonable belief that each such statement was true.  Accordingly, assuming *arguendo* that Young can demonstrate falsity – which he cannot do – there is no evidence that Defendants acted with actual malice.  Since Young cannot meet the clear and convincing evidence requirement, his claim for defamation will fail.

> **3.    Young Can Not Demonstrate That Defendants Acted with the Requisite Degree of Actual Malice Required for Public Figures.**

"[A] public figure is a person who has assumed a role of special prominence in the affairs of society, who occupies a position of persuasive power and influence, or who has thrust himself to the forefront of a particular public controversy in order to influence the resolution of the issues involved."  *Weinberg v. Feisel* (2003) 110 Cal. App. 4th 1122, 1131; *see also Copp v. Paxton* (1996) 45 Cal. App. 4th 829, 845 ("[T]he characterization of a plaintiff as a public figure 'may rest on either of two

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

1   alternative bases. In some instances an individual may achieve such pervasive fame

2   or notoriety that he becomes a public figure for all purposes and in all contexts.

3   More commonly, an individual voluntarily injects himself or is drawn into a

4   particular public controversy and thereby becomes a public figure for a limited

5   range of issues.' [citation omitted]").  Public figures include actors and actresses,

6   professional athletes, public officers, noted inventors, explorers, war heroes, artists,

7   business people, dilettantes, anyone who is famous or infamous because of who he

8   is or what he has done.  *Carlisle v. Fawcett Publications, Inc., supra,* 201 Cal. App.

9   2d at 746-747; *Montandon v. Triangle Publications, Inc.* (1975) 45 Cal. App. 3d

10  938, 946.

11       Young is without question a public figure.  His own Complaint refers to

12  himself as "a well known leader within the animal rights community and

13  movement."  Complaint, ¶ Introduction.  Young has made admissions that he is an

14  actor who has appeared in at least two films; speaks at conferences, schools and

15  universities (including a paid speaking appearance at Harvard University)

16  concerning his history and notoriety in the animal rights movement for freeing

17  thousands of animals from fur farms and serving two years in prison for such; has

18  his own Wikipedia page, operates his own website, gives interviews to newspapers,

19  magazines, posts his views publicly on Youtube and is portrayed as a villain by

20  trade groups representing the fur industry.  Declaration of Hanna Israel, ¶¶ 2-5,

21  Exhibits "A"-"C".

22       As a public figure, Young has the burden of showing, by clear and convincing

23  evidence, that the objectionable statements were made with actual malice.

24  *Beilenson v. Superior Court* (1996) 44 Cal. App. 4th 944, 950.  "Actual malice

25  cannot be implied and must be proven by direct evidence." *Id.*  In order to prove

26  actual malice, the plaintiff must show that the defendant published the statement

27  with knowledge of its falsity or with reckless disregard of its truth or falsity. *Copp v.*

28  *Paxton* (1996) 45 Cal. App. 4th 829, 846.

1
2
3

"The burden of proof by clear and convincing evidence 'requires a finding of high probability. The evidence must be so clear as to leave no substantial doubt. It must be sufficiently strong to command the unhesitating assent of every reasonable mind.' [citation omitted] " *Id.*

4   Here, Young will be unable to meet that burden.  As set forth in the

5   declaration of Hanna Israel, she was in a traumatic abusive relationship with Young.

6   She genuinely believes that she was physically, emotionally and sexually abused by

7   Young and she experienced severe emotional distress.  She had an emotional

8   breakdown as a result of the way Young treated her, was taken to the hospital and

9   later taken to a health center in an ambulance.  She is currently seeing a therapist

10   concerning this ordeal.  As to Israel, if any statements were published, they certainly

11   were not done with knowledge of falsity or reckless disregard for the truth.  As to

12   Lungarelli, it is unclear from Young's Complaint how she acted with malice.

13   Accordingly, even if Young can demonstrate falsity, which he cannot do, there is no

14   evidence or facts plead that Defendants acted with actual malice.

### 4.    Defendants Alleged Statements Were Privileged as a Fair Comment of a Public Figure.

17   "[T]he right of fair comment, recognized at common law … protected

18   'expressions of opinion about public officials, scientists, artists, composers,

19   performers, authors, and other persons who place themselves or their work in the

20   public eye.' (Citation omitted)" *Brown v. Kelly Broadcasting Co.* (1989) 48 Cal. 3d

21   711, 732.  Further, where fair comment privilege applies, a complaint must allege

22   facts constituting actual malice, and such malice cannot be inferred.  *Tschirky v.*

23   *Superior Court* (1981) 124 Cal. App. 3d 534, 538.  As explained *supra*, Young has

24   placed himself in the public eye by the nature of his career in animal activism, film

25   and public speaking and he will be unable to establish actual malice.  As such, the

26   fair comment privilege applies and protects Defendants' alleged comments about

27   Young as mattes of public concern.  Moreover, Young will not be able to prove

28   actual malice.  *Brown, supra,* 48 Cal. 3d at 732 n. 18.

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA  91801

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

**5.   Defendants' Alleged Statements About Young Were Constitutionally Protected Opinions.**

If a statement does not imply an objective fact capable of being proved as false or true, it is not defamatory as a matter of law. *Savage v. Pacific Gas & Electric Co.* (1993) 21 Cal. App. 4th 434, 445. In determining whether a statement can be proved or disproved, courts "consider the nature and meaning of the language used, including the verifiability of the statements, and the context in which the statements appeared." *Moyer v. Amador Valley J. Union High Sch. Dist.* (1990) 225 Cal. App. 3d 720, 725. When a statement is "an expression of subjective judgment by the speaker," such as an expression of anger or disgust, or if a statement contains words in a "loose, figurative sense," such is not actionable. *Id.* at 724-726.

Here, many of the alleged statements set forth in Young's complaint such as ""he is a predator," "he is generally dangerous to women," "he is physically abusive," "he is sexually abusive," "she almost died," "he starved her" and "he abused her" if made, would be protected opinions. Such statements can not be proved or disproved. Rather, they are the subjective judgment of the speaker and expressions of anger and disgust which are protected opinions and do not support a defamation claim.[9]

**6.   Young's False Light Claim Fails Since it is Based on the Same Underlying Facts as the Defamation Claim.**

California courts have dismissed false light claims where they are accompanied by a defamation claim based on the same underlying facts. *Fleming v. City of Oceanside* (2010) 2010 U.S. Dist. LEXIS 132179, 8-9; *Eisenberg v. Alameda Newspapers, Inc.* (1999) 74 Cal.App.4th 1359, 1385 n. 13 ("When a false

---

[9] See, e.g. *Copp v. Paxton* (1996) 45 Cal. App. 4th 829 (defining a non-actionable opinion as a "any broad, unfocused and wholly subjective comment" such as a "shady practitioner" or "crooked politician.")

1  light claim is coupled with a defamation claim, the false light claim is essentially

2  superfluous, and stands or falls on whether it meets the same requirements as the

3  defamation cause of action."); *see also Kapellas v. Kofman* (1969) 1 Cal.3d 20, 35 n.

4  16, 81 ("Since the complaint contains a specific cause of action for libel, the privacy

5  count, if intended in this light, is superfluous and should be dismissed.")  Here,

6  because Young's false light claim is based on the exact same alleged facts as his

7  defamation claim, it should be dismissed as superfluous.

8          **7.      Young's Intentional Infliction of Emotional Distress Claim**

9                 **Fails Because the Defamation Claim Fails.**

10         The protections of the First Amendment apply not only to defamation but to

11  "all claims whose gravamen is the alleged injurious falsehood of a statement."

12  *Gilbert v. Sykes* (2007) 147 Cal. App. 4th 13, 34 ("to allow an independent cause of

13  action for the intentional infliction of emotional distress, based on the same acts

14  which would not support a defamation action, would allow plaintiffs to do indirectly

15  what they could not do directly. It would also render meaningless any defense of

16  truth or privilege. [citations omitted]") *citing Blatty v. New York Times Co.* (1986)

17  42 Cal. 3d 1033, 1042.  Here, Young's claim for intentional infliction of emotional

18  distress arises from and relies solely upon the allegations of defamation.

19  Specifically, Young bases his claim for intentional infliction of emotional distress

20  "on the aforementioned facts."  Complaint, ¶ 39.  Such facts, set forth in the section

21  of the complaint entitled "Statement of Facts Relevant to All Causes of Action," are

22  Defendants' alleged publication of defamatory statements about Young.  Complaint,

23  ¶¶ 9-18.  As explained herein, Young's defamation claim fails for several reasons

24  and the collapse of the defamation claim "spells the demise of all other causes of

25  action in the cross-complaint such as … intentional infliction of emotional distress,

26  all of which allegedly arise from the same publications.."  *Gilbert v. Sykes, supra,*

27  147 Cal. App. 4th at  34.

28  / / /

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

987641.6

24

**V.   DEFENDANTS ARE ENTITLED TO A MANDATORY AWARD OF ATTORNEY'S FEES UPON PREVAILING.**

*Code of Civil Procedure* § 425.16(c) provides that a prevailing defendant on a special motion to strike is entitled to recover his attorney's fees and costs.  The statute, as construed by case authorities, permits fees to be awarded either simultaneously with the granting of the motion, or in a later motion filed as part of the normal process for seeking costs of suit under *Code of Civil Procedure* § 1033.5. *American Humane Ass'n v. Los Angeles Times* (2001) 92 Cal.App.4th 1095, 1103-1104.  In fact, the *American Humane* court noted that

> "the moving defendant will be able to more accurately document the fees and costs actually incurred if the amount is fixed at a later date…the total cost…can be more accurately computed if a section 425.16, subdivision (c) motion for fees is filed after the request is granted." *Id.* at 1104.

As Defendants cannot ascertain each of the arguments which Young may make in any opposition papers it is impracticable to realistically measure the attorneys' fees that will be incurred in replying to Young's opposition and attending the hearing on this Motion.  Defendants thus request that this Court issue an Order setting forth a briefing schedule as to its request for fees and costs in the event Defendants prevail on the instant Motion.

**VI.   CONCLUSION.**

As explained herein, Defendants respectfully request that the Complaint be stricken as to Defendants, without leave to amend, and they be awarded their attorneys fees against Young and his counsel of record.

DATED: May 10, 2011              **WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.**


By: _____ */s/ Kirk S. Comer* _____
         KIRK S. COMER
Attorneys for Defendant and Counterclaimant
Hanna Israel and Defendant Laura Lungarelli

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

987641.6

25

SPECIAL MOTION TO STRIKE COMPLAINT OF PETER YOUNG AS A "SLAPP" SUIT; MEMO OF P&A'S; DECL. OF KIRK S. COMER; DECL. OF HANNA ISRAEL

1

## CERTIFICATION OF SERVICE

2    I hereby certify that on May 10, 2011, I electronically filed the foregoing with the

3    Clerk of the Court by using the CM/ECF system.

4                               Respectfully Submitted,

5

6                           *s/ Kirk S. Comer*

7                          KIRK S. COMER

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

957302.1