1  ROBERT L. ESENSTEN (Bar No. 65728)
   RANDI R. GEFFNER (Bar No. 116574)
2  KIRK S. COMER (Bar No. 240847)
   **WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.**
3  801 S. Garfield Avenue, Suite 328
   Alhambra, California 91801
4  Telephone: (626) 308-9882
   Facsimile: (626) 308-9538
5
   Attorneys for Defendant and
6  Counterclaimant Hanna Israel and
   Defendant Laura Lungarelli
7

8              **UNITED STATES DISTRICT COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11  PETER YOUNG, an individual,              **CASE NO. CV11-01985 DMG (SHx)**

12          Plaintiff,                        *Assigned to the Honorable Dolly M. Gee*

13      vs.
                                             **DEFENDANT AND**
14  HANNA ISRAEL, an individual;            **COUNTERCLAIMANT HANNA**
    FAITH GUNDRAN, an individual;           **ISRAEL AND DEFENDANT**
15  LAURA LUNGARELLI, an individual;        **LAURA LUNGARELLI'S REPLY**
    ADAM WEISSMAN, an individual;           **TO OPPOSITION TO SPECIAL**
16  and DOES 1 - 30, Inclusive,             **MOTION TO STRIKE**
                                             **COMPLAINT OF PETER YOUNG**
17          Defendant.                       **AS A SLAPP SUIT;**

18  _____             **DECLARATION OF HANNA**
    HANNA ISRAEL, an individual,            **ISRAEL;**
19
            Counterclaimant,                 **DECLARATION OF LAURA**
20                                           **LUNGARELLI;**
        vs.
21                                           **DECLARATION OF DANIELLE**
    PETER YOUNG, an individual,             **GRESHAM; AND**
22
            Counterdefendant.                **DECLARATION OF ASHLEY**
23                                           **STROBELT**

24                                           Date:   June 20, 2011
                                             Time:   9:30 a.m.
25                                           Place:  Courtroom 7, 2nd Floor

26                                           Action filed:   March 8, 2011
                                             Trial Date:     None Set
27

28

990682.1
_____
REPLY TO OPPOSITION TO SPECIAL MOTION TO STRIKE COMPLAINT OF PETER YOUNG AS A SLAPP
SUIT

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

1   Defendant and Counterclaimant Hanna Israel ("Israel") and Defendant Laura

2   Lungarelli ("Lungarelli") (collectively "Defendants" except where necessary to

3   identify any Defendant individually) hereby submit the following memorandum of

4   points and authorities in reply to Plaintiff and Counterdefendant Peter Young's

5   ("Young") Opposition to Special Motion to Strike Complaint of Peter Young as a

6   SLAPP Suit.

7

8   DATED: June 6, 2011                    **WASSERMAN, COMDEN,**
                                           **CASSELMAN & ESENSTEN, L.L.P.**
9

10                                         By: _____/s/ Kirk S. Comer_____

11                                              KIRK S. COMER
                                           Attorneys for Defendants Hanna Israel and
12                                         Laura Lungarelli

13

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

## MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO OPPOSITION TO SPECIAL MOTION TO STRIKE

### I.   INTRODUCTION.

#### A.   Defendants Have Met Their Initial Burden.

It simply is not credible for Young to argue that Defendants have not made a prima facie showing that Young's suit arose from an act in furtherance of Defendants' right of free speech.  Free speech rights are unquestionably implicated here as Defendants are discussing issues of public interest both in public forums and privately, satisfying *Code of Civil Procedure* § 425.16.  In fact, all of Defendants' alleged statements implicate two separate and distinct topics of public interest – statements about a public figure and statements concerning domestic violence.

First, Young unpersuasively argues that he is not any type of public figure.  Indeed, he is an all purpose public figure given the multiple movies in which he has appeared as an actor, the fact that he makes his livelihood from speaking engagements and his general notoriety as one of the most famous animal activists of the last five years.  At a minimum, Young is a limited public figure.

The alleged defamatory statements are germane to Young's participation in the animal rights movement and his involvement with animals rights issues in two distinct ways.  Such relate directly to Young's hypocrisy of being an animal activist who treats some animals well (non-human animals) while abusing others (human animals and specifically women).  The alleged defamatory statements are further germane to Young's participation in the animal rights movement since they were made by animal rights activists, to animal rights activists, at animal rights events and concern how Young treats other activists.

Additionally, Young's track record of abusive relationships with women is an issue of public interest.  Young is a prominent figure in the public eye who has been accused of domestic violence.  The public is understandably interested in public

990682.1

1 | figures who abuse women with whom they are in a relationship.

2 | **B.    Young Failed to Meet His Burden of Establishing With Admissible**
3 | **Evidence a Probability That He Will Prevail on His Claim.**

4 | Young failed to present admissible evidence to establish a probability that he
5 | will prevail on his claim for several reasons.  First, Young's Opposition is untimely
6 | and should not be considered by this Court.  Second, Young's Opposition is
7 | purportedly supported by five declarations; however, one declaration was missing,
8 | Young's own declaration was not even executed under penalty of perjury and all of
9 | the remaining declarations were not executed under penalty of perjury under the
10 | laws of the United States.  Third, Young's Opposition flounders as he is unable to
11 | support specific allegations with admissible evidence that both Israel and Lungarelli
12 | published defamatory statements about him.  Young's Complaint took *four full*
13 | *pages* to allege that Defendants made statements to "hundreds" of people in various
14 | contexts that he was a "rapist," "predator," "physically abusive," "sexually abusive,"
15 | "generally dangerous to women" and "claimed to know of several women Young
16 | assaulted" (collectively, the "Allegations").  Complaint, ¶¶ 9-18.  Proof of such is
17 | generally absent from Young's Opposition.

18 | While Young's Opposition is filled with alleged instances of defamatory
19 | internet websites, distributed flyers, YouTube videos and hacked Wikipedia pages,
20 | he fails to submit any evidence to tie such to Defendants.  As to Lungarelli, Young
21 | was only able to come up with two e-mails alleged to have been written by her and
22 | placed on the internet and one double hearsay statement.  Neither e-mail made any
23 | of the Allegations referenced in the Complaint, neither made any factual statements
24 | about Young and neither was published by Lungarelli to the internet.  Young failed
25 | to come up with any evidence *or even argue* that Lungarelli acted maliciously - let
26 | alone evidence which could support a finding of **clear and convincing evidence** of
27 | actual malice.

28 | As to Israel, Young was only able to show that she made the following

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

990682.1

REPLY TO OPPOSITION TO SPECIAL MOTION TO STRIKE COMPLAINT OF PETER YOUNG AS A SLAPP
SUIT

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

1  statements: "Peter subjected me to emotional abuse, threatened me with
2  abandonment and put my sexual health and legal safety at risk" and "Peter has
3  multiple **accusations** of sexual assault against him."  These statements are either
4  true, protected opinion or statements reasonably believed to be true.  Finally, the
5  evidence Young submitted allegedly supporting malice falls short of clear and
6  convincing evidence of actual malice which must be so clear as to leave no
7  substantial doubt.

8      Accordingly, Defendants respectfully request that the Complaint be stricken
9  as to Defendants, without leave to amend, and they be awarded their attorneys fees
10 against Young and his counsel of record, with a briefing schedule to be set on the
11 issue of attorney's fees.

## II.  YOUNG'S SUIT ARISES FROM AN ACT IN FURTHERANCE OF DEFENDANTS' RIGHT OF FREE SPEECH.

### A.  Defendants' Alleged Statements Were Made in Connection With An Issue of Public Interest Since They Were Made About a Public Figure.

17      Young does not dispute Defendants' position that statements about public
18 figures are issues pf public interest; rather, Young makes the untenable argument
19 that he is neither a public figure nor a limited public figure.

#### 1.  Young Is a Limited Public Figure.

21      Young is undoubtedly a limited public figure.  Young correctly states the
22 definition of a limited public figure set forth in *Copp v. Paxton* (1996) 45
23 Cal.App.4th 829, 845–846; however, he contends that he is not a limited public
24 figure because the alleged defamation is not germane to his participation in the
25 public controversy from which he has gained his notoriety.[1]  Such is incorrect.

---

[1] Obviously Young can not take the position that he readily meets the first two requirements of
(footnote continued)

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

1    As Young admits in his Opposition at page 10, "Once [an individual] places

2  himself in the spotlight on a topic of public interest, [the individual's] private words

3  and conduct related to that topic become fair game." *Gilbert v. Sykes* (2007) 147

4  Cal.App4th 13, 25.  Young is an animal rights activist, one of the public faces and

5  leaders of the animal rights movement.  Young does not deny that he is one of the

6  most well known animal rights activists of the last five years.  Here, the topic of

7  public interest is Young's involvement in the animal rights community and with

8  various animal rights issues.  The alleged defamatory statements are directly

9  germane to these issues since they bear on the most fundamental issue of animal

10  rights - Young's treatment of animals.  Two types of animals exist: human and non-

11  human animals.  In a nutshell, "animal rights" is the idea that the most basic

12  interests of non-human animals should be afforded the same consideration as the

13  similar interests of human animals.  In other words, all species of animals should be

14  treated equal.

15    Young expounds this philosophy publicly, even going so far as to earn his

16  living speaking about such.  Privately, however, Young does not practice what he

17  preaches as he fails to accord basic rights and dignities to non-human animals by

18  abusing women.  This not only makes him a hypocrite in his views on animal rights,

19  but it invites a necessary discussion whether such a person should hold such a

20  prominent position within the animal rights movement.  It is no different than if

21  Young were accused of eating meat while purporting to be vegan.  The issue is how

22  Young can call himself an animal activist wile not abiding by its fundamental

23  principles of equal treatment of all species.

24    The alleged defamatory statements are further relevant to the topic of animal

25  rights and Young's involvement in the animal rights movement in that said

26  _____

27  *Copp*  that 1) there is a public controversy and 2) he has undertaken voluntary acts through which
    he sought to influence resolution of the public issue.

28

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

1  statements wholly concern animal activists and the movement.  The alleged

2  statements are about how Young, an animal activist, treats other activists within the

3  movement.  They were made by animal activists, to animal rights conference

4  organizers about Young's speaking engagements at animal rights events.  Other

5  statements were purportedly made to animal rights conference attendees about a

6  fellow activist.

7          **2.**      **Young Is an All Purpose Public Figure.**

8        Young is not only a limited purpose public figure, he has attained the level of

9  an all purpose public figure given that he has achieved such pervasive fame and

10  notoriety generally.  Young's Complaint opens with the judicial admission that he is

11  "a well known leader within the animal rights community and movement."

12  Compliant, ¶ Introduction.  Young's Opposition provides no evidence or argument

13  to counter Defendants' evidence that he is an all purpose public figure.  Young does

14  not deny that he is one of the most well known activists in the animal rights

15  movement for at least five years, is an actor who has appeared in at least two films,

16  speaks at conferences, schools and universities (including a paid speaking

17  appearance at Harvard University), has his own Wikipedia page cataloging his

18  notoriety of being one of the first individuals to be respected under the animal

19  enterprise terrorism act, operates his own website discussing the Animal Liberation

20  Front, gives interviews to newspapers and magazines, posts his views publicly on

21  You Tube, and is generally portrayed as a villain by trade groups representing the

22  fur industry.

23        Ironically, Young's declaration *supports* the contention that he is an all

24  purpose public figure as he states that the alleged defamation has affected him

25  monetarily by reducing the number of his paid speaking engagements by 95%.

26  Young Declaration, ¶ 54.  This is a man who has become so well known that he

27  makes a living as a paid speaker discussing himself and animal rights.  Young is no

28  longer just an activist who has inserted himself into the controversy,  he has

1  achieved such pervasive fame that he has become a public figure for all purposes

2  and contexts.

**B.      Defendants' Alleged Statements Were Made in Connection With an Issue of Public Interest Since They Concern Domestic Violence.**

5  Young asserts that Defendants' alleged statements are not part of a larger

6  discussion about domestic violence towards women.  Opposition, p. 13.  Young's

7  own evidence belies such a statement.  Young contends that he came across the

8  website address of http://activistabuse.wordpress.com which made several

9  statements about him.  Young Declaration, ¶ 39, Exhibit I.  Young attached excerpts

10  from the website including the following:

11  "We are providing information about Young's abuse to

12  protect other Womyn.  To make sure he never abuses other

13  Womyn again.  … By sharing this information we are

14  helping to build a safer environment for Womyn in the

15  movement." *Id.*

16  While Defendants did not make these statements, the statements crystallize

17  the fact that any comment about Young's treatment of women is part of a larger

18  discussion about domestic violence, and is an issue of public interest.  Israel's

19  statements she admittedly made to Lauren Regan, as discussed in detail *infra,* were

20  made for the specific purpose of letting a powerful woman in the animal rights

21  movement know about *accusations* that had been made about Young so as to protect

22  young women in the animal rights movement form Young.  Israel Declaration, ¶ 17.

23  Further, *Sipple v. Foundation for Nat Progress* (1999) 71 Cal.App4th 226 and

24  its progeny are applicable to the instant litigation.  *Sipple* is one of the seminal cases

25  to stand for the general proposition that domestic violence as a topic is an issue of

26  public interest.  Appellant argued in *Sipple* that allegations that he beat his wife as

27  set forth in an article were not an issue of public interest.  *Id.* at 238.  To that

28  argument the Court responded "We disagree. Domestic violence is an extremely

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA  91801

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA  91801

1   important public issue in our society."  *Id.* citing *Baugh v. CBS, Inc.* (N.D. Cal.

2   1993) 828 F. Supp. 745, 755.  The Court found that the article at issue in *Sipple*

3   addressed the public interest issue of domestic violence on two different levels: one,

4   allegations of verbal and physical abuse of two former wives by a prominent man;

5   and two, the irony that Appellant was a media strategist for Bob Dole's presidential

6   campaign running on a platform of morality which allowed Appellant to capitalize

7   on domestic violence issues to further his career.  *Id.* at 238.

8           Here, there is a strong similarity in that Young - a prominent man - has been

9   accused of abuse by prior girlfriends.  Further, such abuse is ironic given Young's

10  public stand of equal treatment for all animals – which he uses to further his career.

11  The hypocrisy of the Appellant in *Sipple* is particularly similar to that of Young in

12  the instant action.

13  **III.   <u>YOUNG WILL NOT PREVAIL ON HIS DEFAMATION CLAIM.</u>**

14          **A.   Young Has Not Submitted Any Admissible Evidence to**

15                 **Support His Complaint.**

16          Young's purports to support his Opposition with five declarations; namely, the

17  Declaration of Peter Young ("Young Declaration"), the Declaration of Matt Bruce

18  ("Bruce Declaration"), the Declaration of Kate Lunger ("Lunger Declaration"), the

19  declaration of Lauren Regan ("Regan Declaration") and the Declaration of Jordan

20  Jones ("Jones Declaration").  The Jones declaration, although referred to several

21  times in the Opposition, does not exist as it was neither filed or served to

22  Defendants' knowledge, and all references to this declaration should be ignored.

23  More troubling, the Young Declaration is only signed and dated.  It is not executed

24  under penalty of perjury.  As such, it violates 28 USCS § 1746 requiring that

25  declaration be executed under penalty of perjury under the laws of the United States

26  of America, and therefore must not be considered by the Court.  Young is

27  surreptitiously supporting his Opposition and at the same guaranteeing that he can

28  not be found guilty of perjury if his statements are later proven to have been made

1   with knowledge of their falsity.  His statements are inherently unreliable given that
2   they are self-serving and are not afforded the level of increased credibility to which
3   they might be entitled if made under penalty of perjury.  There is a reason that
4   declarations must be signed under penalty of perjury.  The Court should not sanction
5   this type of conduct.

6         The Bruce Declaration, Lunger Declaration and Regan Declarations, while
7   signed under penalty of perjury, are done so under state perjury laws and not United
8   States' perjury law.  They should also not be considered by Court.

9         Assuming *arguendo* the Court considers these declarations, Young's
10   declaration does not properly address or counter the statements of Israel from her
11   prior declaration.  Israel has made specific factual allegations of what Young said
12   and did to her during the course of their relationship.  Young only counters such
13   with conclusory allegations that he did not physically assault Israel or sexually
14   abuse, rape, starve or otherwise abuse any women.  Young does not address or
15   contest the specific factual allegations of the yelling, degrading and abusive conduct
16   towards Israel, that he threw objects at her in arguments or that she told him that she
17   did not want to give him oral sex but he yelled at her until she did.

18   **B.   Young Has Failed to Make Out Any Claim for Relief**
19   **Against Lungarelli.**

20         As is immediately apparent from even a cursory review of the Opposition,
21   Young will not be able to make out any of his causes of action against Lungarelli.
22   All of Young's claims are based upon the same set of factual allegations; namely,
23   the four pages of Young's Complaint wherein he catalogs hundreds of alleged
24   defamatory statements.  Yet in the Opposition, Lungarelli's name is only mentioned
25   in **three** instances: 1) She is alleged to have written and published to the internet the
26   e-mail attached as Exhibit "C" to the Young Declaration; 2) She is alleged to have
27   written and published to the internet the e-mail attached as Exhibit "D" to the Young
28   Declaration; and 3) She is alleged to have told Adam Weissman, who allegedly told

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

Young, that she knew of women who Young had raped.  Neither of these allegations are sufficient to show a probability that Young will prevail on his claims against Lungarelli.

           **1.**        **Lungarelli Made No Defamatory Statements about Young.**

As explained in the Lungarelli Declaration, the e-mail attached as Exhibit "C" to the Young Declaration was a private e-mail Lungarelli sent to Adam Weissman and Hanna Israel.  Lungarelli Declaration, ¶ 2.  Lungarelli did not publish this e-mail to the internet and Young has submitted no evidence that she did.  Lungarelli Declaration, ¶ 2.  The website where Young allegedly found this e-mail is not Lungarelli's website nor a website she operates or ever has operated.  Lungarelli Declaration, ¶ 3.  More importantly, the e-mail does not make any defamatory statements about Young.  Lungarelli does not make any factual statements about Young at all.  She does not call Young a rapist nor does she make any of the Allegations from the Complaint.  Instead, the e-mail *advises* Israel and Adam Weissman that a group in Philadelphia has *heard* that Young was in the film Bold Native and *heard* he is a rapist.  Lungarelli Declaration, ¶ 4.  Lungarelli never responded to this e-mail.  Lungarelli Declaration, ¶ 4.

Similarly, the e-mail attached as Exhibit "D" to the Young Declaration was a private e-mail Lungarelli sent only to Adam Weissman.  Lungarelli Declaration, ¶ 5.  Lungarelli did not publish this e-mail to the internet and Young has submitted no evidence that she did.  Lungarelli Declaration, ¶ 5.  Young allegedly found this e-mail on the same website, which website is not Lungarelli's.  As is set forth in the Lungarelli Declaration– *and is evident from the face of the e-mail* - this message was a *draft* response to a woman who had sent an e-mail to Adam Weissman.  Lungarelli Declaration, ¶ 5.  The message plainly states that Lungarelli has drafted a "possible" reply to Camille, which Adam Weissman can either "edit it or throw it away."  Lungarelli Declaration, ¶ 5.  Again, Lungarelli makes no statements of fact about Young in the e-mail.

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

The self-serving statement that Young allegedly heard from Adam Weissman who allegedly heard form Lungarelli that she knew of people that Young raped should not be considered by this Court because it is hearsay within hearsay, without an exception and completely unreliable.  Adam Weissman has not yet even been served in this litigation and has no way to defend himself against these types of allegations.  Lungarelli never made this statement but has discussed with Adam Weissman Israel's claims of what she considered to be sexual assault by Young and the claims of sexual assault she learned through Ashely Strobelt.  Lungarelli Declaration, ¶ 6.

Finally, Young has attempted to introduce evidence of a flyer allegedly distributed by Adam Weissman, a website with the address of www.activistabuse.wordpress.com, a Wikipedia page and a You Tube video - all purporting to make defamatory statements of fact against Young.  While Young has submitted **no evidence or even suggested** that Lungarelli published any of these statements, Lungarelli's declaration affirmatively confirms that she did not publish any of these alleged statements and had nothing to do with these alleged statements.  Lungarelli Declaration, ¶¶ 7-10.

### 2.    Young Has Submitted No Evidence of Malice by Lungarelli.

*New York Times v. Sullivan* (1964) 376 U.S. 254 held that a public official plaintiff in a defamation case must prove actual malice; that is, that the defendant either knew the statement was false or acted with reckless disregard for the truth. Thereafter, the Supreme Court broadened the scope of the constitutional privilege from public officials to public figures and limited public figures. See *Curtis Publishing Co. v. Butts* (1967) 388 U.S. 130; *Gertz v. Robert Welch, Inc.* (1974) 418 U.S. 323.  A public figure or limited public figure has the burden of showing actual malice by **clear and convincing evidence.**  *Belinson v. Superior Court* (1996) 44 Cal.App.4thr 944, 950.  It bears repeating that "[t]he burden of proof by clear and convincing evidence 'requires a finding of high probability. **The evidence must be**

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

1  **so clear as to leave no substantial doubt. It must be sufficiently strong to**

2  **command the unhesitating assent of every reasonable mind.'** [citation omitted]."

3  *Copp v. Paxton, supra,* 45 Cal. App. 4th at 846 (emphasis added).  Actual malice

4  can not be implied and must be proven through direct evidence.  *Belinson v.*

5  *Superior Court, supra,* 44 Cal.App.4thr at 950.

6        Young does not even attempt to argue in his Opposition that that Lungarelli

7  made the alleged defamatory statements with actual malice.  Instead, Young relies

8  solely upon the argument that Young is not a public figure or limited public figure.

9  Defendants have thoroughly refuted that argument, *supra*.  The lack of evidence of

10  any defamatory statements of fact, compounded with the fact that Young submitted

11  no evidence whatsoever of actual malice means that Young's defamation claim will

12  fail.

13        **3.      Young's Other Claims for Relief Are Inextricably Linked with His**

14  **Defamation Claim and Will Fail.**

15        Even if this Court does not dismiss Young's false light claim – which it

16  should as fully explained in the Motion – such is based on the same premise that

17  Lungarelli made false statements about Young which cast him in a false light.

18  Young's purported emotional distress is likewise based on the alleged defamation.

19  Since Young has not submitted sufficient evidence to support a finding of

20  defamation, his claims based on the same operative facts will fail.

21

22        **C.      Young Has Failed to Make Out a Claim for Relief**

23        **Against Israel.**

24        It is evident that the majority of Young's Opposition is targeted against Israel

25  and Adam Weissman.  When each specific statement is parsed out, it becomes clear

26  that Israel either did not publish the statement, or for the statements that she did

27  publish, there exists a privilege for making such.  The following table categorizes all

28  of Young's evidence and each is addressed in turn below:

| Alleged Statement | Explanation |
|---|---|
| 1.  E-mail posted on www.wetlands-preserve.org/pipermail attached as Exhibit "B" to Young Declaration | This is a draft of an e-mail to be sent by Adam Weissman to Young; Not published to the internet by Israel |
| 2.  E-mail sent from Israel to Jerry Friedman attached as Exhibit "E" to Young Declaration | E-mail was sent by Israel to Friedman in response to e-mail published by Young accusing Israel of being a government informant; Statements are true; Statements are opinion; Young's unclean hands |
| 3.  Flyer Adam Weissman allegedly distributed attached as Exhibit "F" to Young Declaration | Not published by Israel; Statements are true, Statements are opinion |
| 4.  E-mail posted on www.wetlands-preserve.org/pipermail attached as Exhibit "G" to Young Declaration | Not published to the internet by Israel; no defamatory statements |
| 5.  Young's Wikipedia page attached as Exhibit "H" to Young Declaration | Not published by Israel; No evidence Israel had anything to do with this web page |
| 6.  You Tube video of flyer | No evidence of video; Not published by Israel; No evidence Israel had anything to do with this purported video |
| 7.  Excerpts from www.activistabuse.wordpress.com attached as Exhibit "I" to Young Declaration | Not published by Israel; No evidence Israel had anything to do with this web page |
| 8.  E-mail form Israel to Young attached as Exhibit "J" to Young | Israel published these statements; No defamatory statements of fact |

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

| | |
|---|---|
| Declaration | |
| 9. E-mail from Israel to Laura Regan attached as Exhibit "A" to Regan Declaration | Israel published these statements; Statements are true |
| 10. Statements from Declaration of Matt Bruce | According to Declaration of Mat Bruce; Israel retracted all statements made to him thus there can be no damage to Young's reputation |

**1.      E-mail Posted on www.wetlands-preserve.org/pipermail Attached As Exhibit "B" To the Young Declaration.**

Israel, Lungarelli, Faith Gundran and Adam Weissman are all friends who attempted to participate in an "accountability process" with Young as a result of his treatment of Israel and his prior girlfriends.  Israel Declaration ¶ 2.  An accountability process is where the victim and the accused work together to facilitate a resolution whereby the accused apologizes for their actions and agrees to undertake steps preventing such from reoccurring in the future, e.g. attending counseling.  Israel Declaration ¶ 2.  Activists prefer to resolve disputes on their own through this type of social justice as opposed to involving law enforcement for obvious reasons.  Israel Declaration ¶ 2.

Israel and Adam Weissman attempted to involve Young in the accountability process for his prior actions against Israel and others.  Israel Declaration ¶ 3.  Adam Weissman prepared a draft e-mail which would be sent to Young asking him to participate in the process.  Israel Declaration ¶ 3.  Adam Weissman then sent the draft to Israel.  Israel Declaration ¶ 3.  The e-mail attached as Exhibit "B" to the Young Declaration is where Israel sent the draft back to Adam Weissman. Israel Declaration ¶ 3.  Israel did not publish this e-mail to the internet.  Israel Declaration ¶¶ 3-4.  There can be no damage from Israel sending Adam Weissman back an e-

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

1  mail that her prepared in the first place.

2  **2.      E-mail Sent From Israel to Jerry Friedman Attached As**

3  **Exhibit "E" to the Young Declaration.**

4      The Galan List Serve is a group of animal activists.  Israel Declaration ¶ 5.

5  Jerry Friedman showed Israel an e-mail written by Young and posted to the Galan

6  List Serve accusing her of being an FBI informant.  Israel Declaration ¶ 5, Exhibit

7  "A" thereto.  In response, Israel prepared the e-mail attached as Exhibit "E" to the

8  Young Declaration and sent it to Jerry Friedman in order to defend herself to the

9  Galan List Serve from Young.  Israel Declaration ¶ 6.  Israel makes the following

10  statement in the e-mail: "Peter subjected me to emotional abuse, threatened me with

11  abandonment, and put my sexual health and legal safety at risk …"  Israel

12  Declaration ¶ 7.

13      First, such statements are true.  The Israel Declaration served with the original

14  Motion to Strike sets forth how Yong emotionally abused her.  Israel Declaration ¶

15  8.  Israel set forth specific instances of emotional abuse.  Young does not deny he

16  made the specific statements to Israel that she considers emotional abuse.  Instead he

17  relies upon *one conclusory allegation* that he has "never otherwise abused a

18  woman."  Young Declaration, ¶ 43. Moreover, Young's own declaration refers to

19  one incident of emotional abuse where he admits he "made a comment about

20  [Israel's] outfit." Young Declaration, ¶ 23.   Indeed, Young is referring to one of

21  many derogatory comments he made to her.  Israel Declaration ¶ 8.  On this specific

22  instance, he told her that her shirt "looked slutty."  The Declaration of Danielle

23  Grisham attached hereto corroborates that Yong made statements about Israel in

24  public that rise to emotional abuse.  Gresham Declaration ¶¶ 3-6.  Further, Israel has

25  provided a transcript of a text message conversation between her and Young

26  wherein he admits to being emotionally abusive.  Israel Declaration ¶ 9, Exhibit "B"

27  thereto.  Young's Declaration also confirms Israel's claims about threats of

28  abandonment in which he admits he "made requests .. to drop her off at a bus station

1  or airport…"  Young Declaration, ¶ 7; Israel Declaration ¶ 10.  The comment about

2  putting Israel's sexual health and legal safety at risk refers to Israel's claims that he

3  forced her into giving him oral sex under duress, as explained in her prior

4  declaration.  Israel Declaration ¶ 11.  Such also refers to when Peter Young did not

5  take her to the hospital when she had the reaction to Plan "B."  Israel Declaration ¶

6  11.  Israel was scared to go to the police since I am an activist and she felt that going

7  to the police could put her legal safety at risk.  Israel Declaration ¶ 11.

8       Second, these statements are all "an expression of subjective judgment by the

9  speaker" and not actionable.  *Moyer v. Amador Valley J. Union High Sch. Dist.*

10  (1990) 225 Cal. App. 3d 720, 724-726.  Whether someone is "emotionally abusive"

11  as opposed to a jerk is somebody's opinion.  Similarly, whether someone's

12  suggestion to "drop them off" at a bus station or airport in unfamiliar places without

13  a means to get home is a threat of abandonment is an opinion.  Finally, whether

14  Israel believes that Young put her sexual health and legal safety at risk by his

15  actions is an opinion.

16  **3.  Flyer Adam Weissman Allegedly Distributed Attached As**

17  **Exhibit "F" to the Young Declaration.**

18       Israel did not prepare the flyer nor did she distribute it to anyone.  Israel

19  Declaration ¶ 12.  Israel did not request that the flyer be passed out.  Israel

20  Declaration ¶ 12.  Israel did know that Adam Weisman had prepared the flyer and

21  Israel believes that some of the allegations contained on the flyer refer to her

22  relationship and problems with Young which she told to Adam Weissman –

23  specifically, that Young was emotionally abusive, had falsely labeled her an

24  informant and her experience with Young where he by demanded and scared her

25  into giving him oral sex after she had stated that she did not want to.  Israel

26  Declaration ¶ 12.

27  / / /

28  / / /

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

1
2

**4.      E-mail Posted on www.wetlands-preserve.org/pipermail Attached as Exhibit "G" to the Young Declaration.**

3   This e-mail was sent by Israel to Lungarelli, Adam Weissman and Faith
4   Gundran.  Israel Declaration ¶ 14.  This e-mail does not make any defamatory
5   statements of fact.  In fact, it shows that Israel was not aware of who made the You
6   Tube video that Young complains of in his Complaint and further shows that Israel
7   wanted the videos taken down.  Israel Declaration ¶ 14.

8
9

**5.      Young's Wikipedia Page Attached as Exhibit "H" to The Young Declaration.**

10   Israel did not make any changes to Young's Wikipedia page including posting
11   the flyer to the page.  Israel Declaration ¶ 13.  Young has submitted no evidence that
12   Israel made such changes.  Given that Young has alleged that Adam Weissman
13   passed this flyer out to several people, this reasonably could have been done by
14   others.

15   **6.      You Tube Video of Flyer.**

16   Israel did not make or post any You Tube videos about Young.  Israel
17   Declaration ¶ 14.  Young has submitted no evidence that Israel made or posted any
18   You Tube videos or that any such videos even exist.  Again, given that Young
19   alleges that Adam Weissman passed the flyer purporting to appear on the video out
20   to several people, this reasonably could have been done by others.  Israel's e-mail
21   attached to Young's Declaration as Exhibit "G" is evidence that Israel did not know
22   who posted the alleged video.

23
24

**7.      Excerpts From www.activist abuse.wordpress.com Attached as Exhibit "I" to the Young Declaration.**

25   Israel did not create this website nor did she make any posts to this website.
26   Israel Declaration ¶ 15.  Young has submitted no evidence that she did.

27   / / /

28   / / /

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

### 8. E-mail From Israel to Young Attached as Exhibit "J" to the Young Declaration.

Israel sent this e-mail to Young stating that he was not sexually inappropriate as a *quid pro quo* for Young's agreement to participate in the accountability process with Israel.  Israel Declaration ¶ 16.  Israel wanted Young to participate in the accountability process in order to resolve the dispute between the two and move forward.  Israel Declaration ¶ 16.  Young refused to participate in the  process unless Israel agreed to drop her allegations of sexual assault against him *in writing*.  Israel Declaration ¶ 16.  As such, Israel agreed to send the e-mail as he requested since she felt Young's participation in a structured accountability process to work on his abusive behavior in general was more important.  Israel Declaration ¶ 16.

### 9. E-mail From Israel to Laura Regan Attached as Exhibit "A" to The Regan Declaration.

Israel sent this e-mail to Lauren Regan advising her that Young had multiple (more than one) allegations of sexual assault against him.  Israel Declaration ¶ 17.  Israel did this because she feels that Young is a dangerous individual to young women in the animal rights movement and dangerous to the animal rights community in general.  Israel Declaration ¶ 17.  Other than what Israel personally experienced at the hands of Young, which she considered to be sexual assault, she was told by at least two individuals that Young had been accused of sexual assault by others.  Israel Declaration ¶ 17.  Specifically, Israel was told by Sina Salessi that Peter Young had been accused of sexual assault by a friend of his that wished to remain unnamed because she was afraid of Peter Young.  Israel Declaration ¶ 17.  Israel was also told by Ashley Strobelt that Peter Young had been accused of sexual assault by a friend of hers that wished to remain unnamed because she was afraid of Peter Young.  Israel Declaration ¶ 17; Strobelt declaration ¶¶ 2-3.

### 10. Statements From the Declaration of Matt Bruce.

Young requested that Israel and he have a "facilitation" before his long time

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

1   friend Matt Bruce where they could air their grievances against each other and

2   attempt to move forward. Israel Declaration ¶ 18.  Matt Bruce was to act as a

3   mediator.  Israel Declaration ¶ 18.  Bruce contends that alleged defamatory

4   statements made about Young at the "facilitation" were all retracted by Israel.  Thus,

5   Young can not reasonably use these statements as a basis for any defamation claim

6   since there would be no damage to his reputation if all of the statements were

7   retracted.  Ironically, Young and Matt Bruce are correct in that Israel did retract

8   many of her claims against her at this meeting.  Once the mediation began, Israel

9   realized that it was not a mediation at all but the two friends were using the

10  opportunity to belittle Israel's claims against Young.  Israel Declaration ¶ 19.  After

11  the facilitation, Peter Young and Matt Bruce told Israel that they secretly taped the

12  meeting.  Israel Declaration ¶ 19.  and Israel believe that the entire purpose of this

13  was not a facilitation, but rather to obtain coerced statements from Israel for Peter

14  Young to use against her in the future.  Israel Declaration ¶¶ 19-20.

15      For most of the four hours, Israel was crying uncontrollably as the two would

16  yell at her until she agreed to retract specific claims about Young.  Israel

17  Declaration ¶ 19.  Two exchanges are exemplary of how the entire "facilitation" was

18  handled.  Israel Declaration ¶¶ 21-22.  Israel relayed her story to Matt Bruce of how

19  she felt that Young had abused her.  Israel Declaration ¶ 21.  Matt Bruce and Young

20  repeatedly demanded that Israel define the word abuse.  Israel Declaration ¶ 21.

21  When Israel could not come up with the dictionary definition of the word abuse,

22  they told her that since she could not properly define abuse, Young must not have

23  abused her.  Israel Declaration ¶ 21.  After they repeatedly yelled this mantra at her

24  enough, she agreed with them so they would leave her alone.  Israel Declaration ¶

25  21.

26      Another time Israel explained how she felt that Young had starved her by

27  taking away her food budget and having her go hungry for over a week.  Israel

28  Declaration ¶22.  Young and Matt Bruce told her that they knew of a woman who

1  was locked in a closet for one week and tried to eat the drywall to survive.  Israel

2  Declaration ¶ 22.  They stated that this is an example of being "starved" and

3  demanded that Israel admit that her situation was not this severe and to say that she

4  was not "starved."  Israel Declaration ¶ 22.  Again, after much coercion, she agreed

5  that she was not starved.  Israel Declaration ¶ 22.  If this were a police interrogation,

6  this would be the textbook example of a coerced confession through duress.

7      **11.   Young's Evidence Does Not Arise to Clear and**

8      **Convincing Evidence of Malice.**

9      The only evidence Young has submitted of malice by Israel is the e-mail

10  where she states that he was not sexually inappropriate with her and the

11  "facilitation" with Matt Bruce.  As explained *supra*, Israel sent the e-mail to Young

12  in exchange for him agreeing to participate in the accountability process.  Moreover,

13  the encounter with Matt Bruce where she retracted her statements against him was a

14  set up where the two me could gang up on Israel and force her to admit whatever

15  they wanted to through intimidation.  This falls well below the standard of clear and

16  convincing evidence which is evidence that is "so clear as to leave no substantial

17  doubt."

18      **12.   Young's Other Claims for Relief Are Inextricably Linked with His**

19      **Defamation Claim and Will Fail.**

20  As explained above, Young's other claims against Israel are linked to his defamation

21  claim and will fail.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA  91801

**IV.   <u>CONCLUSION.</u>**

As explained herein, Defendants respectfully request that the Complaint be stricken as to Defendants, without leave to amend, and they be awarded their attorneys fees against Young and his counsel of record.


DATED: June 6, 2011              **WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.**


                                 By: _____*/s/ Kirk S. Comer*_____
                                             KIRK S. COMER
                                 Attorneys for Defendants Hanna Israel and
                                 Laura Lungarelli

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES

I.     INTRODUCTION……………………………………………………1

    A.     Defendants Have Met Their Initial Burden……………………………1

    B.     Young Failed to Meet His Burden of Establishing With Admissible
Evidence a Probability That He Will Prevail on His Claim……....……2

II.    YOUNG'S SUIT ARISES FROM AN ACT IN FURTHERANCE
OF DEFENDANTS' RIGHT OF FREE SPEECH……………………………3

    A.     Defendants' Alleged Statements Were Made in Connection With
An Issue of Public Interest Since They Were Made About a
Public Figure………………………………………………………...3

        1.     Young Is a Limited Public Figure……………………………3

        2.     Young is an All Purpose Public Figure…………………………5

    B.     Defendants' Alleged Statements Were Made in Connection With
An Issue of Public Interest Since They Concern Domestic
Violence……………………………………………………...…6

III.   YOUNG WILL NOT PREVAIL ON HIS DEFAMATION CLAIM………...7

    A.     Young Has Not Submitted Any Admissible Evidence to
Support His Complaint……………………………………………7

    B.     Young Has Failed to Make Out Any Claim for Relief
Against Lungarelli………………………………………………...8

        1.     Lungarelli Made No Defamatory Statements about Young…….9

        2.     Young Has Submitted No Evidence of Malace by
Lungarelli……………………………………………………10

        3.     Young's Other Claims for Relief Are Inextricably Linked
With His Defamation Claim and Will Fail……………………11

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

C.   Young Has Failed to Make Out a Claim for Relief

Against Israel……………………………………………....11

1.   E-mail Posted on www.wetlands-preserve.org/pipermail

Attached as Exhibit "B" to the Young Declaration…………..13

2.   E-mail Sent From Israel to Jerry Friedman Attached as

Exhibit "E" to the Young Declaration…………………………14

3.   Flyer Adam Weissman Allegedly Distributed Attached

As Exhibit "F" to the Young Declaration…………………....15

4.   E-mail Posted on www.wetlands-preserve.org/pipermail

Attached as Exhibit "G" to the Young Declaration…………..16

5.   Young's Wikipedia Page Attached as Exhibit "H" to

The Young Declaration………………………………………16

6.   You Tube Video of Flyer……………………………………16

7.   Excerpts From www.activistabuse.wordpress.com Attached

As Exhibit "I" to the Young Declaration………………………16

8.   E-mail From Israel to Young Attached as Exhibit "J"

to the Young Declaration……………………………………17

9.   E-mail from Israel to Laura Regan Attached as Exhibit

"A" to the Regan Declaration………………………….…..17

10.   Statements from the Declaration of Matt Bruce……………..17

11.   Young's Evidence Does Not Arise to Clear and

Convincing Evidence of Malice………………………………19

12.   Young's Other Claims for Relief Are Inextricably Linked

To His Defamation Claim and Will Fail…………………………19

IV.   CONCLUSION………………………………………………....20

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

# TABLE OF AUTHORITIES

**STATE CASES:**                                                                    **Page**

*Copp v. Paxton*
(1996) 45 Cal.App.4th 829, 845–846……………………………..……...………3, 11

*Gilbert v. Sykes*
(2007) 147 Cal. App 4th 13, 25……………………………………………….....4

*Sipple v. Foundation for Nat Progress*
(1999) 71 Cal. App 4th 226…………………………………………………6, 7

*Baugh v. CBS, Inc.*
(N.D. Cal. 1993) 828 F. Supp. 745, 75…………………………………....7

*New York Times v. Sullivan*
(1964) 376 U.S. 254…………………………………………………....10

*Curtis Publishing Co. v. Butts*
(1967) 388 U.S. 130……………………………………………….10

*Gertz v. Robert Welch, Inc.*
(1974) 418 U.S. 323……………………………………………....10, 11

*Belinson v. Superior Court*
(1996) 44 Cal. App. 4th 944, 950…………………………………….....10

*Moyer v. Amador Valley J. Union High Sch. Dist.*
(1990) 225 Cal. App. 3d 720, 724-726……………………………………..15


**STATE STATUTES:**

Code of Civil Procedures

        Section 425.16………………………………………………….1


**UNITED STATES CODE SECTIONS:**

28 USCS § 1746…………………………………………………......7

1

## __CERTIFICATION OF SERVICE__

2  I hereby certify that on June 6, 2011, I electronically filed the foregoing with the

3  Clerk of the Court by using the CM/ECF system.

4                                        Respectfully Submitted,

5

6                                         _s/ Kirk S. Comer_

7                                        KIRK S. COMER

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

990682.1

REPLY TO OPPOSITION TO SPECIAL MOTION TO STRIKE COMPLAINT OF PETER YOUNG AS A SLAPP
SUIT