ROBERT L. ESENSTEN (Bar No. 65728)
RANDI R. GEFFNER (Bar No. 116574)
KIRK S. COMER (Bar No. 240847)
**WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.**
801 S. Garfield Avenue, Suite 328
Alhambra, California 91801
Telephone: (626) 308-9882
Facsimile: (626) 308-9538

Attorneys for Defendant and Counterclaimant Hanna Israel and Defendant Laura Lungarelli

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PETER YOUNG, an individual, | CASE NO. CV11-01985 DMG (SHx) |
| Plaintiff, | *Assigned to the Honorable Dolly M. Gee* |
| vs. | **BRIEF RE JURISDICTION OF COURT TO PROCEED** |
| HANNA ISRAEL, an individual; FAITH GUNDRAN, an individual; LAURA LUNGARELLI, an individual; ADAM WEISSMAN, an individual; and DOES 1 - 30, Inclusive, | Action Filed: March 8, 2011<br>Trial Date: None Set |
| Defendants. | |
| HANNA ISRAEL, an individual, | |
| Counterclaimant, | |
| vs. | |
| PETER YOUNG, an individual, | |
| Counterdefendant. | |

1019569.1

Defendant Laura Lungarelli[1] hereby submits the following brief in response to the Court's Order of March 12, 2012.

## 1. INTRODUCTION AND STATUS OF ACTION

On September 16, 2011, the Court issued its Order on Defendant and Counterclaimant Hanna Israel ("Israel") and Defendant Laura Lungarelli's ("Lungarelli") Motion to Strike Plaintiff Peter Young's ("Young") Complaint as a SLAPP Suit. Young's entire Complaint was struck as to Lungarelli, and the Third Cause of Action for Intentional Infliction of Emotional Distress was struck as to Israel. Counsel for the parties met and conferred concerning the amount of attorney's fees to be awarded to Israel and Lungarelli as prevailing parties. An agreement could not be reached and Young filed a Notice of Appeal challenging the entirely of the Court's September 16, 2011 Order.

Since September 16, Israel and Lungarelli have operated under the belief that such notice divested the court of jurisdiction in this matter. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.")

On October 14, 2011, the 9th Circuit Court of Appeals set an initial scheduling order for the appeal. On October 28, 2011, Young's appeal was selected for possible

---

[1] Defendant and Counterclaimant Hanna Israel's new counsel has indicated that she will file a response on Israel's behalf.

1  inclusion in the 9th Circuit's mediation program.  The parties filed briefs with
2  Roxane Ashe, the Circuit Mediator assigned to the matter.  On November 14, 2011
3  Ms. Ashe set an initial assessment conference which took place in December 2011.
4  Further conferences have been conducted, and as a result of progress being made,
5  the initial briefing schedule was vacated.  Since such time, the parties have been
6  mediating the dispute through Ms. Ashe and having regular assessment conferences.
7  The next conference is scheduled for March 27, 2012.

9  Young's filing of the Notice of Appeal divests the Court of jurisdiction during
10 the pendency of the appeal – even though the appeal is improper.  In the event this
11 Court has jurisdiction to proceed, it should exercise its discretion and stay
12 proceedings until resolution of the appeal.

14 **2.    THE FILING OF THE NOTICE OF APPEAL DIVESTS THIS COURT**
15 **       OF JURISDICTION TO PROCEED EVEN THOUGH THE APPEAL IS**
16 **       IMPROPER**

18 Young's filing of the Notice of Appeal confers jurisdiction on the court of
19 appeals and divests this Court of its control over those aspects of the case involved
20 in the appeal.  *Griggs v. Provident Consumer Discount Co., supra*, 459 U.S. at 58.
21 Similarly, the filing of a notice of interlocutory appeal divests the district court of
22 jurisdiction over the particular issues involved in the appeal.  *City of Los Angeles,*
23 *Harbor Division v. Santa Monica Baykeeper*, 254 F3d 882, 886 (9th Cir. 2001).

25 Young's entire Complaint was stricken as a SLAPP suit as to Lungarelli.  The
26 appeal of that Order necessarily involves the entirely of the case as to Lungarelli.
27 As such, the Court does not have jurisdiction to proceed as to her.  Thus, Lungarelli
28 has not yet filed her Motion for Attorney's fees as a prevailing party on her

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
801 S. GARFIELD AVENUE, SUITE 328
ALHAMBRA, CALIFORNIA 91801

1  successful Motion to Strike.

3  Furthermore, Young's appeal is improper. It is not an appeal of a final
4  decision.

6  Courts of appeal have jurisdiction over appeals from final decisions. 28 USC
7  § 1291. This "final judgment rule" avoids a succession of separate appeals from
8  various rulings. *Firestone Tire & Rubber Co. v. Risjord*, 449 US 368, 374 (1981).
9  An order that adjudicates fewer than all claims of all parties is not final. *Nascimento*
10 *v. Dummer*, 508 F3d 905, 908 (9th Cir. 2007). Not only is there no final decision as
11 to either Israel or Lungarelli (*e.g.*, amount of attorney's fees to be awarded), multiple
12 claims are left to be resolved.

14 The 9th Circuit has found a lack of jurisdiction in similar situations. *See*
15 *Flores v. Emerich & Filke*, 2007 U.S. Dist Lexis 100952 at *7-*8 (noting the 9th
16 Circuit's dismissal of Plaintiff's appeal for lack of jurisdiction where Plaintiff
17 appealed the granting of an anti-SLAPP motion which did not dispose of all claims
18 as to all parties).

20 Lungarelli has been participating in the 9th Circuit's mediation program in
21 good faith in the hopes of resolving this dispute globally. However, if that dispute is
22 not promptly resolved, Lungarelli will be moving to dismiss the appeal for lack of
23 jurisdiction.

25 **3.   THE COURT SHOULD STAY THE ACTION DURING THE**
26 **PENDENCY OF THE APPEAL**

28 The decision to grant a stay is committed to the sound discretion of the court.

*Nken v. Holder*, 129 S. Ct. 1749 (2009).  Courts examine four factors to determine whether a stay is appropriate: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Id. citing Hilton v. Braunskill*, 481 U.S. 770 (1987).  The first two factors are the most critical.  *Id.*  Here, the factors weigh substantially in favor of granting a stay.

Lungarelli has made a strong showing that she will succeed on the merits of this action.  Plaintiff's complaint was stricken as to Lungarelli *in its entirety*.  Unless the Court's ruling is overturned, Lungarelli will be making a motion seeking attorney's fees and a judgment in her favor.

Lungarelli (as well as Israel, Young and third party witnesses) will be injured in the event a stay is not granted pending resolution of the appeal.  If the Court proceeds with Young's complaint against Israel, discovery will be conducted in earnest.  Lungarelli will understandably not participate as Young's Complaint was stricken as to her in its entirety.  If the 9th Circuit reverses, however, Lungarelli will remain a defendant in the action.  She will have to conduct discovery which overlaps significantly with Israel's[2] .  This will result in increased litigation costs.  The parties and third party witnesses will need to be deposed twice.  Moreover, Lungarelli will incur the costs of deposing the witnesses herself rather than

---

[2] Young identified over 50 witnesses in his initial disclosures.  The topics of knowledge for several of these witnesses include defamatory statements made by Defendants.  Thus, for each witness, discovery will need to be conducted as to what statements were allegedly made by both Israel and Lungarelli.

participating in depositions already being noticed and conducted by others.

**4.    CONCLUSION.**

Even though Young's appeal is likely subject to dismissal as premature, the filing of the Notice of Appeal divests this Court of jurisdiction. Assuming *arguendo* this Court has jurisdiction to proceed as to any remaining claims not encompassed by the appeal, its should exercise its discretion to stay the action given the prejudice to the parties and ongoing mediation discussions.

DATED: March 23, 2012            Respectfully submitted,

**WASSERMAN, COMDEN,
CASSELMAN & ESENSTEN, L.L.P.**
ROBERT L. ESENSTEN
RANDI R. GEFFNER
KIRK S. COMER


By: _____*/s/ Kirk S. Comer*_____
           KIRK S. COMER
Attorneys for Defendant Laura Lungarelli

1019569.1

6
BRIEF RE JURISDICTION OF COURT TO PROCEED