Jill L. Ryther    SBN 266016
David E. Burke SBN 267955
LAW OFFICES OF JILL L. RYTHER
6911 Topanga Canyon Blvd., Suite #300
Canoga Park, CA 91303
Ph: 818-347-4127 Fx: 818-347-4128

*Attorneys for Plaintiff*
PETER YOUNG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PETER YOUNG, an individual. <br><br> Plaintiff, <br><br> vs. <br><br> HANNA ISRAEL, an individual; <br> LAURA LUNGARELLI, an individual; <br> ADAM WEISSMAN, an individual; <br> and DOES 1-30, Inclusive, <br><br> Defendants. | **CASE NO. CV11-01985 DMG (SHx)** <br><br> *Assigned to the Honorable Dolly M. Gee* <br><br> **NOTICE OF MOTION AND MOTION TO SEAL THE COURT RECORD** <br><br> Date: January 11, 2013 <br> Time: 9:30am <br> Place: Courtroom 7 |

To DEFENDANTS ISRAEL AND LUNGARELLI and their attorney of record, KIRK COMER AND GAYLE JENKINS:

PLEASE TAKE NOTICE that on January 11, 2013 at 9:30am or as soon thereafter as the matter may be heard in Courtroom 7 of the above entitled Court,

---
1
**NOTICE OF MOTION AND MOTION TO SEAL THE COURT RECORD**

located at 312 North Spring Street, Los Angeles, California, 90012, PLAINTIFF PETER YOUNG will and hereby does move for an order to seal the court record pursuant to California Rules of Court, Rules 2.550 and 2.551.

Young bases his motion upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Declaration of Jill L. Ryther, Esq. and all other papers on file in this action and upon such further argument and evidence as may be presented at the hearing on this matter.

DATED: November 29, 2012

/s/Jill Ryther

Respectfully Submitted By: _____

Jill L. Ryther
Attorney for Plaintiff
PETER YOUNG

---

2

**NOTICE OF MOTION AND MOTION TO SEAL THE COURT RECORD**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This case involves a petty, private dispute between Plaintiff Peter Young ("Plaintiff") and Defendants Hanna Israel ("Israel") and Laura Lungarelli ("Lungarelli") (collectively "Defendants") that unfortunately evolved into a very public dispute, and ultimately into this litigation.  Plaintiff filed a complaint against Defendants on March 8, 2011 for defamation, false, light and intentional infliction of emotional distress.  Israel filed a counterclaim against Young for intentional infliction of emotional distress, negligent infliction of emotional distress, and assault on April 21, 2011.

Defendants subsequently filed a Special Motion to Strike Plaintiff's suit as a meritless lawsuit against public participation.  The Court granted the motion in part and denied the motion in part on September 16, 2011.  After multiple attempts at mediation, the parties have finally reached a tentative settlement agreement.  There is only one hurdle that remains before this litigation is put to bed, the sealing of the court record in its entirety.  As will be explained more thoroughly below, sealing the court record will promote three overriding interests: 1) promoting judicial efficiency 2) protecting the parties' privacy interests and 3) preventing the dissemination of false statements.  To be crystal clear, sealing the court record is absolutely necessary to finalize the tentative agreement reached by Plaintiff and Defendants.  If the Court denies the instant motion, this pernicious litigation will be restarted to the detriment of each of the parties involved.

## II.   ARGUMENT

The Court may order that a record (i.e., a document, paper, exhibit, transcript, or other thing filed or lodged with the court) be filed under seal only if it

expressly finds facts that establish all of the following: 1) there exists an overriding interest that overcomes the right of public access to the record; 2) the overriding interest supports sealing the record; 3) a substantial probability exists that the overriding interest will be prejudiced if the record is not sealed; 4) the proposed sealing is narrowly tailored; and 5) no less restrictive means exist to achieve the overriding interest. (Cal. Rules of Court, rule 2.550, subds. (b)(1); (d)(1)-(5).)

The motion seeking such an order must be accompanied by points and authorities, and supported by declarations stating facts supporting the findings required for a sealing order. (Cal. Rules of Court, rule 2.551, subd. (b).) At a minimum, the party seeking to seal documents must come forward with a specific enumeration of the facts sought to be withheld and specific reasons for withholding them. (*H.B. Fuller Co. v. Doe* (2007) 151 Cal.App.4th 879, 894.)

In this case, Plaintiff's motion complies with the foregoing requirements in their entirety.

### A. **There are overriding interests in promoting judicial efficiency, protecting privacy rights, and preventing the dissemination of false statements that overcome the right of public access to the record.**

As noted above, there are three overriding interests that support the sealing of the court record in this action. First, there is the interest in judicial efficiency. Judicial efficiency and economy is one of the most widely recognized interests in the legal system. (*People v. Betts* (2005), 34 Cal. 4th 1039, 1052; *Small v. Fritz Companies, Inc.* (2003), 30 Cal. 4th 167, 194.) For nearly 18 months, this case seemed destined to clog this Court's docket without a resolution in sight. There is a pending appeal based on the Court's ruling on the Special Motion to Strike. Fortunately, the parties were able to find common ground and reach a tentative settlement at their recent mediation. However, in order for the settlement to be

finalized, the entire court record must be sealed. Granting the instant motion is the only way to end this litigation and promote judicial efficiency and economy.

Second, the court record should be sealed because there are important privacy interests at stake. It is well established that the right of public access to records can be outweighed by other public policy interests if those interests support personal liberty, security, or any other interest which may prevent a citizen from being harmed. (*Safeway Stores, Inc. v. Retail Clerks, etc. Assn.* (1953), 41 Cal. 2d 567, 575.) Privacy interests have previously been recognized as one such interest. (*Press-Enterprise Co. v. Superior Court of California* (1984), 464 U.S. 501, 512.)

In this case, the parties' privacy interests are in danger as long as the court record can be accessed by members of the public. Without giving the Court a recap of the detailed blow by blow that was described in the Complaint, Counterclaim, and Special Motion to Strike, the history of this case establishes that each party has reason to be concerned about their reputation and about false statements being made about them. The parties in this case or their surrogates have posted videos, set up websites, and passed out flyers or other documents with damaging information about one another. Each party in this action believes that the other parties have made hurtful, false statements about them.

As an example, within days of this Court's ruling on the Special Motion to strike, multiple websites were posting decontextualized excerpts of the ruling, trying to argue that one party had prevailed while another party had been discredited. (Ryther Decl. ¶ 4.) As long as the court record is open to the public, such behavior is sure to persist. After making many compromises and agreeing to scale down the rhetoric, the websites, and the other means of discussing one another, the parties in this action need the Court to prevent third parties from

continuing to sling mud by sealing the entire record.

Third, there is an overriding interest in preventing the dissemination of false statements. In California, defamation involves "the intentional publication of a statement of fact which is false, unprivileged, and has a natural tendency to injure or which causes special damage." (*Gilbert v. Sykes* (2007), 147 Cal. App. 4th 13, 26.) In this case, each party has alleged that one or more parties has made false, damaging statements about them. Regardless of what the ultimate truth is, the court record is full of statements that are false, harmful, and in some cases, vengeful. Furthermore, because this dispute is largely a private matter, growing out of the relationship that Plaintiff and Israel once had, there is no important public purpose that would be served by the examination and dissemination of the information in the court record. This is a private matter that all parties are trying to put behind them. Sealing the court record is the last step necessary for them to finalize the settlement and complete that process.

### B. The three overriding interests support sealing the record. Those interests will be prejudiced if the record is not sealed.

The three interests discussed above clearly support the sealing of the record. Since the settlement will be finalized once the record is sealed, it is in the interest of judicial efficiency to do so. Since each party has privacy interests at stake that will be jeopardized if the record remains public, it is in the best interests of all parties for the record to be sealed. Lastly, because the record contains numerous false, damaging statements about a private dispute, sealing the record will serve the interest of preventing, personal, false statements from reaching a wide audience. Each overriding interest alone is sufficient to justify sealing the record in this action. Taken together, the trio unequivocally demonstrates that the record should

---
6

**NOTICE OF MOTION AND MOTION TO SEAL THE COURT RECORD**

be sealed.

## C. <u>Given, the understanding between the parties and the overwhelming quantity of potentially damaging statements throughout the court record, the proposed sealing is as narrowly tailored as it can be.</u>

At first glance, it may appear that Plaintiff's request to seal the entire record in this action is not narrowly tailored because the entire record is at issue rather than only a few excerpts of the record. However, given the wishes of the parties, the interests at stake, and the massive number of statements in the record that are at odds with those interests, sealing the entire record is the only way the parties can move on from this action. Therefore, Plaintiff's request is narrowly tailored.

The most important reason that Plaintiff's request is narrowly tailored is that sealing the entire record is what the parties have decided is the best way for them to resolve this litigation and come to an agreement in mediation. Precedent establishes that court records have been previously been sealed based on an agreement between the parties. (*Church of Scientology v. Armstrong* (1991) 232 Cal. App. 3d 1060, 1064.) As long as the record is publicly available, every party is vulnerable—vulnerable to another party or their surrogates taking excerpts of the record and posting them on a website, adding them to a flyer, or otherwise discussing them. That conduct is what got these parties into litigation into the first place and the only way the parties can move on from this litigation is for that conduct to stop. Sealing the record is the only way to guarantee that no party has to be fearful for their reputation anymore.

The second reason that Plaintiff's request is narrowly tailored is that there are simply too many potentially damaging statements in the record in too many different documents. In addition, there are too many people who have proven that

they will take seemingly innocuous statements from the record, remove them from their context, and post them online in order to escalate the dispute between the parties.  There are statements in nearly every document filed by the parties, including the Complaint, Counterclaim, Special Motion to Strike and opposing documents, and various declarations that could prove damaging to one party or another if disseminated to the public at large.  Based on their experiences at mediation, the parties concluded that going through the record piecemeal and agreeing on which statements should be removed and which should remain was an impossible task.  They therefore settled on the compromise of sealing the entire record.

In sum, sealing the entire record is narrowly tailored to serve the interests at stake for two reasons: it's the most practical way to do so and since that's what the parties have agreed on, it's the only way to do so.

### D. **There are no less restrictive means available to protect the aforementioned overriding interests.**

As stated above, the parties have explored many options as a means of amicably resolving this litigation.  The only solution they agreed on involves sealing the entire record in this case.  There is no less restrictive solution the parties could embrace.  Even if the parties themselves agreed not to access the record or disseminate excerpts of it, there was no assurance that third parties would refrain from that behavior.  Sealing the record is the only way that all parties can protect themselves and the overriding interests at stake.

## III. CONCLUSION

For the reasons discussed above, the court should grant Plaintiff's motion to seal the entire record in this action.  Doing so will promote judicial efficiency,

protect the parties' privacy interests, and prevent the dissemination of false, damaging statements. Most importantly, sealing the court record is necessary because it will trigger the execution of the settlement agreement, and resolve this litigation once and for all.

DATED: November 29, 2012

                                        /s/Jill Ryther

Respectfully Submitted By: _____

                                   Jill L. Ryther
                                   Attorney for Plaintiff
                                   PETER YOUNG

**NOTICE OF MOTION AND MOTION TO SEAL THE COURT RECORD**

# CERTIFICATION OF SERVICE

I hereby certify that on November 29, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

                                               Respectfully Submitted,

                                             */s/ Jill L. Ryther*
                                            JILL L. RYTHER