Jill L. Ryther     SBN 266016
David E. Burke SBN 267955
LAW OFFICES OF JILL L. RYTHER
6911 Topanga Canyon Blvd., Suite #300
Canoga Park, CA 91303
Ph: 818-347-4127 Fx: 818-347-4128

*Attorneys for Plaintiff*
PETER YOUNG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PETER YOUNG, an individual.<br><br>Plaintiff,<br><br>vs.<br><br>HANNA ISRAEL, an individual;<br>LAURA LUNGARELLI, an individual;<br>ADAM WEISSMAN, an individual;<br>and DOES 1-30, Inclusive,<br><br>Defendants. | **CASE NO. CV11-01985 DMG (SHx)**<br><br>*Assigned to the Honorable Dolly M. Gee*<br><br>**NOTICE OF MOTION AND MOTION TO SEAL THE COURT RECORD**<br><br>Date: January 11, 2013<br>Time: 9:30am<br>Place: Courtroom 7 |

To DEFENDANTS ISRAEL AND LUNGARELLI and their attorney of record, KIRK COMER AND GAYLE JENKINS:

PLEASE TAKE NOTICE that on January 11, 2013 at 9:30am or as soon thereafter as the matter may be heard in Courtroom 7 of the above entitled Court,

---
1

**NOTICE OF MOTION AND MOTION TO SEAL THE COURT RECORD**

located at 312 North Spring Street, Los Angeles, California, 90012, PLAINTIFF PETER YOUNG will and hereby does move for an order to seal the court record.

Young bases his motion upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Declaration of Jill L. Ryther, Esq. and all other papers on file in this action and upon such further argument and evidence as may be presented at the hearing on this matter.

DATED: December 7, 2012

/s/Jill Ryther

Respectfully Submitted By: _____

    Jill L. Ryther
    Attorney for Plaintiff
    PETER YOUNG

---2---

**NOTICE OF MOTION AND MOTION TO SEAL THE COURT RECORD**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case involves a private dispute between Plaintiff Peter Young ("Plaintiff") and Defendants Hanna Israel ("Israel") and Laura Lungarelli ("Lungarelli") (collectively "Defendants") that unfortunately evolved into a very public dispute, and ultimately into this litigation. Plaintiff filed a complaint against Defendants on March 8, 2011 for defamation, false, light and intentional infliction of emotional distress. Israel filed a counterclaim against Young for intentional infliction of emotional distress, negligent infliction of emotional distress, and assault on April 21, 2011.

Defendants subsequently filed a Special Motion to Strike Plaintiff's suit as a meritless lawsuit against public participation. The Court granted the motion in part and denied the motion in part on September 16, 2011. Plaintiff appealed the Court's decision.

With the appeal pending, the parties attempted to reach a settlement agreement on multiple occasions. Recently, the parties came to a tentative settlement agreement. There is only one hurdle that remains before this litigation is put to bed, the sealing of the court record in its entirety. As will be explained more thoroughly below, sealing the court record will promote three overriding interests: 1) promoting judicial efficiency 2) protecting the parties' privacy interests and 3) preventing the circulation of libelous statements. To be crystal clear, sealing the court record is absolutely necessary to finalize the tentative agreement reached by Plaintiff and Defendants. If the Court denies the instant motion, this pernicious litigation will be restarted to the detriment of each of the parties involved.

## II. ARGUMENT

Although most courts recognize a presumption of public access to court records, every court has inherent, supervisory power over its own records and files. (*Nixon v. Warner Comm., Inc.* (1978), 435 US 589, 597-98.) Public access to records may properly be denied when the court documents may be used for improper purposes, such as to "gratify private spite or promote public scandal," or to "circulate libelous statements." (*Id.*) The decision to determine whether or not records should be sealed is best left to the sound discretion of the trial court, based on the unique circumstances of the particular case. (*Id.* at 599.)

A party seeking to limit access to judicial records must show that "compelling reasons supported by specific factual findings…outweigh…the public policies favoring disclosure." (*Pintos v. Pacific Creditors Ass'n,* (9th Cir. 2010), 605 F. 3d 665, 677-78.) A sealing order must be narrowly drawn and must explicitly state that either party and any interested member of the public can challenge the secreting of particular documents. (*Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.,* (7th Cir. 1999), 178 F. 3d 943, 946.)

In this case, Plaintiff's motion complies with the foregoing requirements in their entirety for the reasons state below. Public access to the court record can properly be denied because such access would promote public scandal, violate the parties' privacy interests, and circulate false statements, in addition to unnecessarily prolonging this litigation.

**A. There are overriding interests in promoting judicial efficiency, protecting privacy rights, and preventing the dissemination of false statements that overcome the right of public access to the record.**

As noted above, there are three overriding interests that support the sealing of the court record in this action. First, there is the interest in judicial efficiency.

---
4

**NOTICE OF MOTION AND MOTION TO SEAL THE COURT RECORD**

Judicial efficiency and economy is one of the most widely recognized interests in the legal system.  (*Puckett v. United States* (2009), 556 U.S. 129, 135-36.); *Wood v. Milyard* (2012) S. Ct. 1926, 1833.)  For nearly 18 months, this case seemed destined to clog this Court's docket without a resolution in sight.  There was even a pending appeal based on the Court's ruling on the Special Motion to Strike.  Fortunately, the parties were able to find common ground and reach a tentative settlement at their recent mediation.  However, in order for the settlement to be finalized, the entire court record must be sealed.  Granting the instant motion is the only way to end this litigation and promote judicial efficiency and economy.

Second, the court record should be sealed because there are important privacy interests at stake.  It is well established that the right of public access to records can be outweighed by other public policy interests such as the interest in avoiding public discord between private individuals.  (*Nixon*, supra 435 US at 597-98 citing *In re Caswell* (1893) 18 R. I. 835, 836.)  This case could be summed up by the phrase "public discord between private individuals."

In this case, the parties' privacy interests are in danger as long as the court record can be accessed by members of the public.  Without giving the Court a recap of the detailed blow by blow that was described in the Complaint, Counterclaim, and Special Motion to Strike, the history of this case establishes that each party has reason to be concerned about their reputation and about false statements being made about them.  The parties in this case or their surrogates have posted videos, set up websites, and passed out flyers or other documents with damaging information about one another.  Each party in this action believes that the other parties have made hurtful, false statements about them.

As an example, within days of this Court's ruling on the Special Motion to

---

5

**NOTICE OF MOTION AND MOTION TO SEAL THE COURT RECORD**

strike, multiple websites were posting decontextualized excerpts of the ruling, trying to argue that one party had prevailed while another party had been discredited.  (Ryther Decl. ¶ 4.)  As long as the court record is open to the public, such behavior is sure to persist.  After making many compromises and agreeing to scale down the rhetoric, the websites, and the other means of discussing one another, the parties in this action need the Court to prevent third parties from continuing to sling mud by sealing the entire record.

Third, there is an overriding interest in preventing the dissemination of libelous statements.  (*Nixon*, supra 435 US at 597-98.)  In California, defamation involves "the intentional publication of a statement of fact which is false, unprivileged, and has a natural tendency to injure or which causes special damage."  (*Gilbert v. Sykes* (2007), 147 Cal. App. 4th 13, 26.)  In this case, each party has alleged that one or more parties has made false, damaging statements about them.  Furthermore, because this is dispute is largely a private matter, growing out of the relationship that Plaintiff and Israel once had, there is no important public purpose that would be served by the examination and dissemination of the information in the court record.

In *Nixon*, the Supreme Court concluded that the public was not entitled to access to President Nixon's recordings about a public scandal.  If access to a president's recordings can be outweighed by countervailing interests, surely public access to the court record in this case is outweighed by the interests articulated above.  This is a private matter of little to no public importance that all parties are trying to put behind them.  Sealing the court record is the last step necessary for them to finalize the settlement and complete that process.

_____6_____
**NOTICE OF MOTION AND MOTION TO SEAL THE COURT RECORD**

## B. Given, the understanding between the parties and the overwhelming quantity of potentially damaging statements throughout the court record, the proposed sealing is as narrowly tailored as it can be.

At first glance, it may appear that Plaintiff's request to seal the entire record in this action is not narrowly tailored because the entire record is at issue rather than only a few excerpts of the record. However, given the wishes of the parties, the interests at stake, and the massive number of statements in the record that are at odds with those interests, sealing the entire record is the only way the parties can move on from this action. Therefore, Plaintiff's request is narrowly tailored.

The most important reason that Plaintiff's request is narrowly tailored is that sealing the entire record is what the parties have decided is the best way for them to resolve this litigation. As long as the record is public available, every party is vulnerable—vulnerable to another party or their surrogates taking excerpts of the record and posting them on a website, adding them to a flyer, or otherwise discussing them. That conduct is what got these parties into litigation into the first place and the only way the parties can move on from this litigation is for that conduct to stop. Sealing the record is the only way to guarantee that no party has to be fearful for their reputation anymore.

The second reason that Plaintiff's request is narrowly tailored is that there are simply too many potentially damaging statements in the record in too many different documents. In addition, there are too many people who have proven that they will take seemingly innocuous statements from the record, remove them from their context, and post them online in order to escalate the dispute between the parties. There are statements in nearly every document filed by the parties, including the Complaint, Counterclaim, Special Motion to Strike and opposing documents, and various declarations that could prove damaging to one party or

another if disseminated to the public at large.  A recurring theme during the litigation was the misuse of the dispute and the contents of the court file by third parties to further their own agendas.  Based on that experience, it became apparent that sealing only portions of the record piecemeal would serve to only further provide a platform for third parties to interlineate their own "versions" of the dispute into the new "blanks," which was not the result desired by the parties.  They therefore settled on the compromise of sealing the entire record.

        In sum, sealing the entire record is narrowly tailored to serve the interests at stake for two reasons: it's the most practical way to do so and since that's what the parties have agreed on, it's the only way to do so.

### III.   CONCLUSION

        For the reasons discussed above, the court should grant Plaintiff's motion to seal the entire record in this action.  Doing so will promote judicial efficiency, protect the parties' privacy interests, and prevent the dissemination of false, damaging statements.  Most importantly, sealing the court record is necessary because it will trigger the execution of the settlement agreement, and resolve this litigation once and for all.

DATED: December 7, 2012

                                                     /s/Jill Ryther

Respectfully Submitted By: _____

                                    Jill L. Ryther
                                    Attorney for Plaintiff
                                    PETER YOUNG

# CERTIFICATION OF SERVICE

I hereby certify that on December 7, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

                                        Respectfully Submitted,

                                        */s/ Jill L. Ryther*
                                        JILL L. RYTHER

**NOTICE OF MOTION AND MOTION TO SEAL THE COURT RECORD**