UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 11-01985 DMG (SHx)** | Date | January 11, 2013 |
| Title | *Peter Young v. Hanna Israel, et al.* | Page | 1 of 3 |

Present: The Honorable   **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| VALENCIA VALLERY | ANNE KIELWASSER |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| DAVID BURKE | KATHERINE B. WINSTON |

**Proceedings: ORDER DENYING MOTION TO SEAL CASE [# 81]**

The case is called and counsel make their appearance. The Court invites counsel to respond to the tentative ruling on Plaintiff's Motion to Seal Case [Doc. # 81]. Plaintiff requests an order sealing the entirety of the court record from public view as a condition of the parties' settlement. On December 21, 2012, Defendants Hanna Israel and Laura Lungarelli filed a Notice of Non-Opposition to the Motion [Doc. # 83].

Given that the public has a First Amendment and common law right of access to court proceedings and judicial records, the sealing of a court record to preserve confidentiality is a rare and extraordinary measure which must be narrowly tailored to a compelling confidentiality interest. *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115 (9th Cir. 2009), *amended and superseded on denial of rehearing by* 605 F.3d 665 (9th Cir. 2009); *Times Mirror Co. v. United States*, 873 F.2d 1210, 1211 n.1 (9th Cir. 1989). In general, compelling reasons sufficient to justify sealing court records exist when "court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Lit.*, 686 F.3d 1115, 1120 (9th Cir. 2012) (citing *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The sealing of judicial records is not considered appropriate if it is done merely to protect parties from embarrassment, incrimination, or exposure to further litigation. *Id.* at 1178-79; *see also R&G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 12 (1st Cir. 2009) ("Sealing orders are not like party favors, available upon request or as a mere accommodation."). The decision whether or not to seal court records is within the Court's discretion and must be made "in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

Plaintiff asserts that sealing the entirety of the court record is necessary and supported by three compelling interests: (1) promotion of judicial economy by effectuating the parties' settlement; (2) protecting the privacy interests of the parties; and (3) preventing the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 11-01985 DMG (SHx)** | Date | January 11, 2013 |
| Title | *Peter Young v. Hanna Israel, et al.* | Page | 2 of 3 |

dissemination of libelous statements, which the parties allege has already occurred and will continue to occur if the record is not sealed.

The Court notes that, prior to the present Motion, neither party had sought to file any documents under seal pursuant to C.D. Cal. L.R. 79-5 during the nearly two years since this litigation began. Rather, the parties waited until the eve of settlement to raise issues of confidentiality. Indeed, this is the proverbial "horse out of the barn" situation—many of the inflammatory statements complained of have already made their way into the public arena via websites, emails, and flyers, and thus can hardly be deemed "confidential" or "private." At the hearing, Plaintiff represented that the parties have agreed to "bring the horse back into the barn" by, for example, disabling certain formerly mudslinging websites, but the parties have presented no evidence to demonstrate these efforts or whether the inflammatory statements have been eliminated from other public fora.

While the Court is cognizant of the allegations in the record and their potential effect on the parties, Plaintiff has not demonstrated that compelling reasons exist for sealing the record as a whole. (*See* Declaration of Jill L. Ryther, ¶ 4 [Doc. # 81-1].) That the parties have chosen to condition settlement on sealing of the record despite the substantial public interests against doing so does not, in the Court's view, satisfy the compelling reasons test. *See M.P. ex rel Provins v. Lowe's Cos., Inc.*, No. CV 11-01985, 2012 WL 1574801 at *2 (E.D. Cal. May 3, 2012) (denying request to seal documents relating to a minor's settlement because the request was overbroad and not supported by compelling reasons, notwithstanding that settlement was conditioned upon sealing of the documents). Moreover, Plaintiff has not shown that the parties will suffer damage beyond embarrassment if the entire record is not sealed. *See Kamakana*, 447 F.3d at 1179.

Plaintiff also argues that a "piecemeal" sealing of the record would be impracticable because the record is permeated with statements that will likely be, and in fact have been, misused by third parties to mischaracterize the lawsuit and harm the parties' reputations. (*See* Ryther Decl. ¶ 4.) This is hyperbole. While portions of the record may contain statements whose further dissemination potentially may be libelous or promote public scandal, *see Nixon*, 435 U.S. at 598, there are also many documents in the record that have no factual assertions of any kind. Even assuming *arguendo* that compelling reasons exist for sealing portions of the record, the Motion is not narrowly tailored such that those reasons can overcome the "strong presumption in favor of access" to the entire judicial record. *Kamakana*, 447 F.3d at 1178.

Accordingly, Plaintiff's Motion to Seal Case is **DENIED** without prejudice. The parties may resubmit a narrowly tailored motion or stipulation that identifies portions of specific documents that should be redacted or sealed under the compelling reasons standard discussed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 11-01985 DMG (SHx) | Date | January 11, 2013 |
|---|---|---|---|
| Title | *Peter Young v. Hanna Israel, et al.* | Page | 3 of 3 |

above.  The parties are urged to take into account the Court's ruling on Defendants' Special Motion to Strike Complaint as a "SLAPP" Suit [Doc. # 57], in which the Court determined that certain statements at issue in this action are not defamatory.

**IT IS SO ORDERED.**

:05